UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>John Costanzo Jr. and Manuel Recio, a/k/a "Manny,"<br><br>　　　　　　　　　*Defendants.* | **Protective Order**<br><br>**22 Cr. 281 (JPO)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The parties will make and receive disclosures of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rules of Criminal Procedure 16 and 17, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;  and
(iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the disclosure material, referred to herein as

1

"sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. Disclosure material may be disclosed by counsel to:

(a) Persons employed, retained, or consulted by counsel, as needed for purposes of defending this action, including but not limited to investigators, secretarial staff, paralegals, student personnel, expert witnesses, advisors, consultants, vendors, mock jurors, focus group members, and the like selected by counsel or trial consultants or jury consultants; and

(b) Prospective witnesses for purposes of defending this action.

5. Sensitive disclosure material may be disclosed by counsel to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that

otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any motion, hearing, or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. This ESI was seized from both defendants: Upon consent of all counsel, the Government is authorized to disclose to counsel for the defendants, for use solely as permitted herein, the entirety of such seized ESI as the Government believes may contain disclosure material ("the seized ESI disclosure material"). The defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

9. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any

order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

10. The defense shall provide a copy of this Order to persons to whom the defense has disclosed disclosure material, including seized ESI disclosure material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

11. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant or that is publicly available.

## Retention of Jurisdiction

12. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

13. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: 9/7/2023
Mathew Andrews
Emily Deininger
Sheb Swett
Assistant United States Attorneys

_____          Date: 9-6-23
Marc L. Mukasey, Esq.
Torrey Young, Esq.
Stephanie Guaba, Esq.
*Attorneys for John Costanzo Jr.*

5

_Ron Gainor_ (signature)   Date: 9-6-23

Ronald Gainor, Esq.
Amber Donner, Esq.
*Attorneys for Manuel Recio*

SO ORDERED:

Dated: New York, New York
September 8, 2023

_J. Paul Oetken_ (signature)
J. PAUL OETKEN
United States District Judge

6