UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOHN COSTANZO JR. and
MANUEL RECIO,

               Defendants.

Case No. 22 Cr. 281 (JPO)


## **DEFENDANTS' JOINT PROPOSED REQUESTS TO CHARGE**


MUKASEY FRENCHMAN LLP
570 Lexington Avenue, Suite 3500
New York, New York 10022
Tel: (212) 466-6400
Marc.Mukasey@mfsllp.com

*Counsel for John Costanzo, Jr.*

GAINOR & DONNER
3250 Mary Street, Suite 405
Miami, Florida
Tel: (305) 537-2000
gainorlaw@gmail.com

*Counsel for Manuel Recio*

**TABLE OF CONTENTS**

PROPOSED JURY INSTRUCTION NO. 1 INTRODUCTION ........................................................1

PROPOSED JURY INSTRUCTION NO. 2 ROLE OF THE JURY ............................................3

PROPOSED JURY INSTRUCTION NO. 3 ROLE OF COUNSEL ............................................4

PROPOSED JURY INSTRUCTION NO. 4 ALL PERSONS ARE EQUAL BEFORE
THE LAW ........................................................................................................................5

PROPOSED JURY INSTRUCTION NO. 5 PRESUMPTION OF EVIDENCE ..........................6

PROPOSED JURY INSTRUCTION NO. 6 PROOF BEYOND A REASONABLE DOUBT .......7

PROPOSED JURY INSTRUCTION NO. 7 DO NOT BE SWAYED BY SYMPATHY OR
PREJUDICE ....................................................................................................................9

PROPOSED JURY INSTRUCTION NO. 8 WHAT IS AND IS NOT EVIDENCE ....................11

PROPOSED JURY INSTRUCTION NO. 9 DIRECT AND CIRCUMSTANTIAL
EVIDENCE....................................................................................................................13

PROPOSED JURY INSTRUCTION NO. 10 STIPULATIONS ..................................................15

PROPOSED JURY INSTRUCTION NO. 11 TRANSLATIONS..................................................16

PROPOSED JURY INSTRUCTION NO. 12 SUMMARY CHARTS – ADMITTED AS
EVIDENCE....................................................................................................................17

PROPOSED JURY INSTRUCTION NO. 13 RULINGS ON EVIDENCE AND
OBJECTIONS................................................................................................................18

PROPOSED JURY INSTRUCTION NO. 14 WITNESS CREDIBILITY ...................................19

PROPOSED JURY INSTRUCTION NO. 15 LAW ENFORCEMENT WITNESSES ................21

PROPOSED JURY INSTRUCTION NO. 16 [IF APPLICABLE] DEFENDANT'S
TESTIMONY ................................................................................................................22

PROPOSED JURY INSTRUCTION NO. 17 EXPERT WITNESSES..........................................23

PROPOSED JURY INSTRUCTION NO. 18 WITNESS WITH GOVERNMENT
AGREEMENT................................................................................................................24

PROPOSED JURY INSTRUCTION NO. 19 BIAS OF WITNESS..............................................26

PROPOSED JURY INSTRUCTION NO. 20 NUMBER OF WITNESSES .................................27

PROPOSED JURY INSTRUCTION NO. 21 PERSONS NOT ON TRIAL .................................28

PROPOSED JURY INSTRUCTION NO.22 UNCALLED WITNESSES – EQUALLY
AVAILABLE.................................................................................................................29

PROPOSED JURY INSTRUCTION NO. 23 CONSIDER EACH DEFENDANT
SEPARATELY ..............................................................................................................30

PROPOSED JURY INSTRUCTION NO. 24 MEANING OF THE INDICTMENT...................31

PROPOSED JURY INSTRUCTION NO. 25 CRIMES DEFINED BY STATUTE ONLY .........32

i

PROPOSED JURY INSTRUCTION NO. 26 SUMMARY OF THE INDICTMENT ..................33

PROPOSED JURY INSTRUCTION NO. 27 STATE OF MIND.................................35

PROPOSED JURY INSTRUCTION NO. 28 GOOD FAITH ........................................37

PROPOSED JURY INSTRUCTION NO. 29 *QUID PRO QUO*....................................39

PROPOSED JURY INSTRUCTION NO. 30 COUNT TWO: PUBLIC OFFICIAL ACCEPTING
A BRIBE: COSTANZO – GENERAL INSTRUCTIONS.......................................47

PROPOSED JURY INSTRUCTION NO. 31 COUNT TWO: PUBLIC OFFICIAL ACCEPTING
A BRIBE: COSTANZO – ELEMENTS .....................................................48

PROPOSED JURY INSTRUCTION NO. 32 COUNT TWO: PUBLIC OFFICIAL ACCEPTING
A BRIBE: COCSTANZO – FIRST ELEMENT: ACCEPTING A PAYMENT OF A THING
OF VALUE .................................................................................49

PROPOSED JURY INSTRUCTION NO. 33 COUNT TWO: PUBLIC OFFICIAL ACCEPTING
A BRIBE: COSTANZO – SECOND ELEMENT: PUBLIC OFFICIAL ...............................51

PROPOSED JURY INSTRUCTION NO. 34 COUNT TWO: PUBLIC OFFICIAL ACCEPTING
A BRIBE: COSTANZO – THIRD ELEMENT: *QUID PRO QUO* AND
CORRUPT INTENT.........................................................................52

PROPOSED JURY INSTRUCTION NO. 35 COUNT TWO: PUBLIC OFFICIAL ACCEPTING
A BRIBE: COSTANZO – FOURTH ELEMENT: BEING INDUCED TO VIOLATE
COSTANZO'S OFFICIAL DUTY .........................................................53

PROPOSED JURY INSTRUCTION NO. 36 COUNT THREE: BRIBERY OF A PUBLIC
OFFICIAL: RECIO – GENERAL INSTRUCTION ..........................................57

PROPOSED JURY INSTRUCTION NO. 37 COUNT THREE: BRIBERY OF A PUBLIC
OFFICIAL: RECIO – ELEMENTS.........................................................58

PROPOSED JURY INSTRUCTION NO. 38 COUNT THREE: BRIBERY OF A PUBLIC
OFFICIA: RECIO – FIRST ELEMENT: PAYMENT OF A THING OF VALUE.................59

PROPOSED JURY INSTRUCTION NO. 39 COUNT THREE: BRIBERY OF A PUBLIC
OFFICIAL: RECIO – SECOND ELEMENT: PAYMENT TO A PUBLIC OFFICIAL .........61

PROPOSED JURY INSTRUCTION NO. 40 COUNT THREE: BRIBERY OF A PUBLIC
OFFICIAL: RECIO – THIRD ELEMENT: *QUID PRO QUO* AND
CORRUPT INTENT.........................................................................62

PROPOSED JURY INSTRUCTION NO. 41 COUNT THREE: BRIBERY OF A PUBLIC
OFFICIAL: RECIO – FOURTH ELEMENT: INTENDING TO INDUCE A VIOLATION OF
THE PUBLIC OFFICIAL'S LAWFUL DUTY ..............................................63

PROPOSED JURY INSTRUCTION NO. 42 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL – GENERAL INSTRUCTION ...........................................66

PROPOSED JURY INSTRUCTION NO. 43 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL ........................................................................67

PROPOSED JURY INSTRUCTION NO. 44 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL – ELEMENTS.........................................................68

PROPOSED JURY INSTRUCTION NO. 45 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL – FIRST ELEMENT: EXISTENCE OF THE CONSPIRACY ............69

PROPOSED JURY INSTRUCTION NO. 46 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL – SECOND ELEMENT: OBJECT OF THE CONSPIRACY ..............71

PROPOSED JURY INSTRUCTION NO. 47 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL – THIRD ELEMENT: MEMBERSHIP ..................................................73

PROPOSED JURY INSTRUCTION NO. 48 COUNT ONE: CONSPIRACY TO BRIBE A
PUBLIC OFFICIAL – THIRD ELEMENT: OVERT ACT ........................................................77

PROPOSED JURY INSTRUCTION NO. 49 COUNT FIVE: HONEST SERVICES WIRE
FRAUD – GENERAL INSTRUCTION ..................................................................................79

PROPOSED JURY INSTRUCTION NO. 50 COUNT FIVE: HONEST SERVICES WIRE
FRAUD – ELEMENTS ...........................................................................................................80

PROPOSED JURY INSTRUCTION NO. 51 COUNT FIVE: HONEST SERVICES WIRE
FRAUD – FIRST ELEMENT: SCHEME OR ARTIFICE TO DEFRAUD ...........................81

PROPOSED JURY INSTRUCTION NO. 52 COUNT FIVE: HONEST SERVICES WIRE
FRAUD – SECOND ELEMENT: KNOWING PARTICIPATION IN SCHEME WITH
INTENT ..................................................................................................................................84

PROPOSED JURY INSTRUCTION NO. 53 COUNT FIVE: HONEST SERVICES WIRE
FRAUD – THIRD ELEMENT: RECEIPT OR GIVING OF BRIBES ..................................85

PROPOSED JURY INSTRUCTION NO. 54 COUNT FIVE: HONEST SERVICES WIRE
FRAUD – FOURTH ELEMENT: USE OF INTERSTATE WIRES ......................................86

PROPOSED JURY INSTRUCTION NO. 55 COUNT FOUR: CONSPIRACY TO COMMIT
HONEST SERVICES WIRE FRAUD – GENERAL INSTRUCTIONS ...............................89

PROPOSED JURY INSTRUCTION NO. 56 COUNT FOUR: CONSPIRACY TO COMMIT
HONEST SERVICES WIRE FRAUD – CONSPIRACY GENERALLY
AND ELEMENTS ..................................................................................................................90

PROPOSED JURY INSTRUCTION NO. 57 COUNT FOUR: CONSPIRACY TO COMMIT
HONEST SERVICES WIRE FRAUD – FIRST ELEMENT: EXISTENCE OF THE
CONSPIRACY ........................................................................................................................91

PROPOSED JURY INSTRUCTION NO. 58 COUNT FOUR: CONSPIRACY TO COMMIT
HONEST SERVICES WIRE FRAUD – SECOND ELEMENT: OBJECT OF THE
CONSPIRACY ........................................................................................................................92

PROPOSED JURY INSTRUCTION NO. 59 COUNT FOUR: CONSPIRACY TO COMMIT
HONEST SERVICES WIRE FRAUD – THIRD ELEMENT: MEMEBERSHIP .................94

PROPOSED JURY INSTRUCTION NO. 60 VENUE ..................................................................95

PROPOSED JURY INSTRUCTION NO. 61 DEA POLICIES AND STANDARDS OF
CONDUCT .............................................................................................................................96

PROPOSED JURY INSTRUCTION NO. 62 CONCEALMENT/CONSCIOUSNESS OF GUILT
EVIDENCE.............................................................................................................................97

PROPOSED JURY INSTRUCTION NO. 63 SPECIAL AGENT COSTANZO'S STANDARD
FORM 86 [IF APPLICABLE] ................................................................................. 98

PROPOSED JURY INSTRUCTION NO. 64 CONSCIOUSNESS OF INNOCENCE
EVIDENCE ......................................................................................................... 99

PROPOSED JURY INSTRUCTION NO. 65 MOTIVE ............................................. 100

PROPOSED JURY INSTRUCTION NO. 66 DEFENSE THEORY OF THE CASE ................ 101

PROPOSED JURY INSTRUCTION NO. 67 FINAL INSTRUCTIONS: DUTY TO
DELIBERATE AND REACH A UNANIMOUS VERDICT ................................. 102

PROPOSED JURY INSTRUCTION NO. 68 FINAL INSTRUCTIONS: RIGHT TO SEE
EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT .............. 104

PROPOSED JURY INSTRUCTION NO. 69 NOTES ................................................. 105

PROPOSED JURY INSTRUCTION NO. 70 FINAL INSTRUCTIONS:
VERDICT FORM .............................................................................................. 106

PROPOSED JURY INSTRUCTION NO. 71 FINAL INSTRUCTIONS: DUTIES OF
FOREPERSON ................................................................................................ 107

PROPOSED JURY INSTRUCTION NO. 72 FINAL INSTRUCTIONS: RETURN OF
VERDICT ........................................................................................................ 108

PROPOSED JURY INSTRUCTION NO. 73 FINAL INSTRUCTIONS: JURY OATH ........... 109

PROPOSED JURY INSTRUCTION NO. 74 FINAL INSTRUCTIONS: EXCEPTIONS ......... 110

PROPOSED JURY INSTRUCTION NO. 75 FINAL INSTRUCTIONS: CONCLUSION ........ 111

The defendants John Costanzo, Jr. and Manuel Recio, by and through their counsel, submit the following Proposed Requests to Charge. The defendants reserve the right to supplement their requests as evidence is produced at the pre-trial stage and introduced at trial.

## PROPOSED JURY INSTRUCTION NO. 1

### INTRODUCTION

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.  My duty at this point is to instruct you as to the law.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just

improvised.  But it's important that I not do that.  The law is made up of words, and those words

are very carefully chosen.  So, it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you

miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.

Remember, you are to consider these instructions together as a whole; you are not to isolate or

give undue weight to any single instruction.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No.
245, at 5-6 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 2**

**ROLE OF THE JURY**


As members of the jury, you are the sole and exclusive judges of the facts.  You pass on the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything else that I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no consequence.  It is *your* sworn duty, and you have taken the oath as jurors, to determine the facts.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 6 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 3

### ROLE OF COUNSEL

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty of each attorney in this case to object when the other side offered testimony or other evidence that the attorney believed is not properly admissible. It has been my job to rule on those objections. Therefore, why an objection was made or how I ruled on it is not your business. You should draw no inference from the bare fact that an attorney objects to any evidence. Nor should you draw any inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed opinions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those opinions should not enter into your deliberations.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 6-7 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 4

### ALL PERSONS ARE EQUAL BEFORE THE LAW

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The government and the defendants stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, gender, sexual orientation, or age.  All persons are entitled to the same presumption of innocence and the government has the same burden of proof with respect to all persons.  Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.  The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 7 (S.D.N.Y. Oct. 22, 2021).

5

## PROPOSED JURY INSTRUCTION NO. 5

### PRESUMPTION OF EVIDENCE

Now I will instruct you on the presumption of innocence.  The law presumes the defendants to be innocent of all charges against them.  In this case, the defendants before you have pleaded not guilty.  In so doing, they have denied the charges in the Indictment.  Thus, the government has the burden of proving the defendants' guilt beyond a reasonable doubt.

This burden never shifts to the defendants.  In other words, the defendants do not have to prove their innocence.  They are presumed to be innocent of the charges contained in the Indictment.  The defendants thus began the trial here with a clean slate.  The presumption of innocence was in their favor when the trial began, continued in their favor throughout the entire trial, remains with them even as I speak to you now, and persists in their favor during the course of your deliberations in the jury room.

This presumption of innocence is removed if and only if, as members of the jury, you are unanimously convinced that the prosecution has sustained its burden of proving the defendant you are considering guilty beyond a reasonable doubt on each and every element of the charge you are considering.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 7-8 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 6

### PROOF BEYOND A REASONABLE DOUBT

Now, the question naturally arises: what, exactly, is a reasonable doubt? The words almost define themselves. A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence. Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that beyond a *reasonable* doubt does not mean beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. In the criminal law, guilt must be established beyond a *reasonable* doubt, not all *possible* doubt.

Further, the government is not required to prove each element of the offense by any particular number of witnesses. The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what he has told you.

That all said, if, after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the guilt of the defendant you are considering beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in important matters in the personal affairs of your own life—then it is your sworn duty to convict the defendant you are considering.

On the other hand, if after a fair and impartial consideration of all the evidence (and the lack of evidence), you are not satisfied of the guilt of the defendant you are considering with respect to the charges in the Indictment; if you do not have an abiding conviction of that defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty.

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 8-9 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 7

## DO NOT BE SWAYED BY SYMPATHY OR PREJUDICE

In reaching your determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you.  As you sift through the evidence, you must ask yourselves whether the prosecution has proven the defendants' guilt beyond a reasonable doubt. Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.  Thus, if you have a reasonable doubt as to a defendant's guilt, then you must render a verdict of not guilty.  But if you should find that the prosecution has met its burden of proving a defendant's guilt beyond a reasonable doubt, then you should not hesitate because of sympathy, or for any other reason, to render a verdict of guilty.

The question of possible punishment of the defendants is of no concern to the jury and should not enter into or influence your deliberations.  The duty of imposing sentence in the event of a conviction rests exclusively upon the Court.  Your function is to weigh the evidence or the lack of evidence in the case and to determine whether or not the defendant you are considering has been proven guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow any consideration of the punishment that may be imposed upon the defendants, if they are convicted, to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 9-10 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 8

### WHAT IS AND IS NOT EVIDENCE

Now, I have repeatedly referred to the evidence in this case.  This raises an important question: what is evidence?  I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.  In determining the facts, you must rely upon your own recollection of the evidence.

What, then, is *not* evidence?  I instruct you that the following does not count as evidence:

**1.    Stricken or Excluded Testimony Is Not Evidence**

*First*, testimony that I have stricken or excluded is not evidence.  You may not use it in rendering your verdict.  If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the limited purpose I indicated.

**2.    Exhibits Not Received into Evidence Are Not Evidence**

*Second*, any exhibit that was not received into evidence is not evidence.  Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

**3.    Redactions Are Not Evidence**

*Third*, among the exhibits received in evidence there may have been some documents and recordings that are redacted.  Redacted means that part of the document or recording was taken out.  You are to concern yourself only with the item admitted into evidence.  You should not consider any possible reason why the other part has been redacted.

### 4.    Arguments by Lawyers Are Not Evidence

*Fourth*, arguments by the lawyers are not evidence.  The reason is simple: advocates are not witnesses.  The opening and closing arguments of both sides explain how each side wants you to analyze the evidence, which consists of the testimony of witnesses, the documents and other exhibits that were entered into evidence, and the stipulations of the parties.  What the lawyers have said to you is intended to help you understand the evidence—or the lack of evidence—as you deliberate to reach your verdict.  So the lawyers' arguments are important, and you should weigh and evaluate them carefully.  But you must not confuse them with the evidence.

In addition, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is *your* recollection that controls, not theirs.  For the same reasons, you are not to consider a lawyer's or a party's questions as evidence.  Only the witnesses' answers are to be considered evidence, not the questions.

### 5.    Statements of the Court Are Not Evidence

*Finally*, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I will now discuss at slightly greater length some important matters related to evidence.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 10-12 (S.D.N.Y. Oct. 22, 2021); *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 6-7 (E.D.N.Y. June 27, 2023).

## PROPOSED JURY INSTRUCTION NO. 9

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly consider in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is testimony by a witness about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, he saw it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors. Assume that the courtroom shades were drawn and that you could not look outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence.  Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the government has proven a defendant guilty beyond a reasonable doubt, based on all of the evidence in the case.  There are times when different inferences may be drawn from the evidence.  The government asks you to draw one set of inferences.  The defendants ask you to draw another.  It is for you, and for you alone, to decide what inferences you will draw.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 12-13 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 10

### STIPULATIONS

You have heard evidence in the form of stipulations.  A stipulation of testimony is an agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to decide what effect that testimony should be given.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.  However, it is for you to decide what weight, if any, to give to those facts.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 13 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 11**

**TRANSLATIONS**

Evidence has been received with text in the Spanish language. The parties have agreed that the translations of those materials are accurate, and the translations have been admitted into evidence.  For materials in Spanish with an English translation, I instruct you that it is the English translation of the materials reflected in the exhibit that is the evidence. If you speak Spanish, you may not substitute your own translation for that which has been agreed upon by the parties.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 14 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 12**

**SUMMARY CHARTS – ADMITTED AS EVIDENCE**

A summary chart with diagrams has been prepared by [*witness*] and was admitted at trial for the purpose of summarizing [*purpose*].  You must determine for yourself whether this exhibit fairly and accurately summarizes the underlying evidence and whether the related testimony of [*witness*] concerning the evidence is credible.

Authority: Jury charge given in *United States v. Oreckinto*, 16-cr-26 (JAM) (D. Conn. Feb. 13, 2017), ECF No. 78, at 16.

## PROPOSED JURY INSTRUCTION NO. 13

## RULINGS ON EVIDENCE AND OBJECTIONS

As I have already explained, you should draw no inference or conclusion for or against any party by reason of lawyers making objections or my rulings on such objections.

By the same token, nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern.

Further, do not concern yourself with what was said at side-bar conferences or during my discussions with counsel. Those discussions related to rulings of law.

At times I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times I asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

Authority: Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 14-15 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 14

### WITNESS CREDIBILITY

You have had the opportunity to observe the witnesses.  It will now be your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about.  It is really just a matter of using your common sense, your good judgment, and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about.  The witness may be honest, but mistaken.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and/or candidly?  Were the witness's answers direct or were they evasive?  Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

You may consider whether a witness had any possible bias or relationship with a party or any possible interest in the outcome of the case.  Such a bias or relationship does not necessarily make the witness unworthy of belief, but it can.  These are simply factors that you may consider.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

In summary, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in the light of all the other testimony, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and you alone—not the lawyers, not the witnesses, and not me as the judge—to decide the credibility of witnesses who testified and the weight that their testimony deserves.  The ultimate question for you to decide in passing upon credibility is: Did the witness tell the truth before you?


Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 15-16 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 15**

**LAW ENFORCEMENT WITNESSES**


You have heard the testimony of law enforcement officers and other government employees.  The fact that a witness may be employed by the federal government or a state or city government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.


Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 17 (S.D.N.Y. Oct. 22, 2021).

## <u>PROPOSED JURY INSTRUCTION NO. 16 [IF APPLICABLE]</u>

### DEFENDANT'S TESTIMONY

[The defendant(s) did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove the defendants guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendants did not testify.  No adverse inference against the Defendants may be drawn because they did not take the witness stand.  You may not consider this against the defendants in any way in your deliberations in the jury room.]


<u>Authority</u>:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 16-17 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 17

### EXPERT WITNESSES

Ordinarily, a witness is limited to testifying about facts and is not permitted to give an opinion.  Where, however, scientific, medical, technical or other specialized knowledge will help the jury understand the evidence or to determine a fact in issue, a witness with expertise in a specialized field may render opinions about such matters.

In this case, I have permitted certain expert witnesses to express their opinions about matters that are in issue.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the expert witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.

Authority: Modified from Sand, Instr. 7-21; *see also* N.Y. Crim. Jury Instrs. 2d: Expert Witness ("Ordinarily, a witness is limited to testifying about facts and is not permitted to give an opinion. Where, however, scientific, medical, technical or other specialized knowledge will help the jury understand the evidence or to determine a fact in issue, a witness with expertise in a specialized field may render opinions about such matters.").

### PROPOSED JURY INSTRUCTION NO. 18

### WITNESS WITH GOVERNMENT AGREEMENT

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed not to prosecute this witness on unrelated charges in exchange for his agreement to plead guilty and testify at this trial against the defendants. The government also entered into agreements with this witness concerning sentencing and promised to bring the witnesses' cooperation to the attention of the sentencing court and other authorities. The government is permitted to enter into this kind of plea agreement.

You should bear in mind that a witness who has entered into such an agreement has an interest in this case different from any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his testimony with caution and weigh it with great care. You should scrutinize it closely to determine whether it is colored or slanted in such a way as to place guilt upon a defendant in order to further the witness' own interests. Such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to testify falsely. Such testimony should be considered by you with skepticism and you may give it such weight, if any, as you believe it deserves. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Further, you are to draw no conclusions or inferences of any kind about Special Agent Costanzo or Mr. Recio from the fact that a witness with a government agreement pleaded guilty. The fact that a witness decided to plead guilty to certain charges arising from his conduct is a

personal decision, and you cannot consider the fact that the witness decided to plead guilty to

certain charges against either of the defendants in this courtroom because it was a personal

decision on the part of that witness. It in no way changes the presumption of innocence that

applies to Special Agent Costanzo and Mr. Recio who are on trial here, a presumption that

remains with them throughout the trial and into your jury deliberations unless and until you

conclude that the government has proven a Defendant's guilt by competent evidence beyond a

reasonable doubt.

Authority: Adapted from 1 L. Sand, et al., Modern Federal Jury Instructions, Instrs. 7-9, 7-11
(2007); *United States v. Forbes*, No. 3:02 CR 264, at 74 (D. Conn. 2007); *see Banks v. Dretke*,
540 U.S. 668, 701-02 (2004) (approving similar pattern instructions in the First, Fifth, Sixth,
Seventh, Eighth, and Ninth Circuits).  In *Banks*, the Supreme Court emphasized it had long
recognized "the 'serious questions of credibility' informers pose," and the need for "customary,
truth promoting precautions that generally accompany the testimony of informants"); *see also*
*On Lee v. United States*, 343 U.S. 747, 757 (1952).

## PROPOSED JURY INSTRUCTION NO. 19

### BIAS OF WITNESS

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and by applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 18 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 20

### NUMBER OF WITNESSES

Sometimes jurors wonder if the number of witnesses who testified makes any difference. Your decision on the facts of this case should not be determined by the number of witnesses testifying. The weight of the evidence is not determined by the number of witnesses testifying. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find the testimony of a single witness more credible than the testimony of a number of witnesses. The testimony of a single witness may produce in your minds a reasonable doubt. Indeed, you may find that the government has not met its burden of proof even if a defendant has called no witnesses. You should also remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Authority: Jury charge given in *United States v. Zrallack*, No. 10-cr-68 (JCH) (D. Conn. Dec. 1, 2010), ECF. No. 216, at 21.

## PROPOSED JURY INSTRUCTION NO. 21

## PERSONS NOT ON TRIAL

During the trial, you heard the names of several other individuals mentioned in connection with this case.  Some of those other individuals have been mentioned in connection with what the government alleges was illegal activity.

I instruct you that you may not draw any inference, favorable or unfavorable, towards the government or the defendants from the fact that any other person is not on trial here.  Further, you may not speculate as to the reasons why those other people are not on trial, or what became of them.  Those matters are wholly outside your concern and have no bearing on your duties as jurors in this case.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 18-19 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 22

## UNCALLED WITNESSES – EQUALLY AVAILABLE

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. The burden remains with the government to prove the guilt of the defendants beyond a reasonable doubt.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 19 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 23

### CONSIDER EACH DEFENDANT SEPARATELY

Defendants John Costanzo Jr. and Manuel Recio are each on trial before you.  In reaching a verdict, however, you must bear in mind that innocence or guilt is individual.  Your verdict must be determined separately with respect to each defendant, solely on the evidence, or lack of evidence, presented against him, without regard to the guilt or innocence of anyone else.

In this regard, you must be careful not to find any defendant guilty merely by reason of relationship or association with other persons.  The fact that one person may be guilty of an offense does not mean that his or her friends, relatives, or associates were also involved in the crime.  You may, of course, consider those associations as part of the evidence in the case, and may draw whatever inferences are reasonable from the fact of the associations taken together with all of the other evidence in the case.  But you may not draw the inference of guilt merely because of such associations.  In short, for each defendant, the question of guilt or innocence as to each count of the indictment must be individually considered and individually answered, and you may not find any defendant guilty unless the evidence proves his guilt on each and every element of the charge you are considering beyond a reasonable doubt.

Now I am going to turn to the substantive instructions.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 20-21 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 24

## MEANING OF THE INDICTMENT

As you know, the charges against John Costanzo, Jr. and Manuel Recio are contained in an indictment. An indictment is not evidence. It is proof of nothing. It is merely an accusation, a statement of the charges made against a defendant that gives a defendant notice of the charges against them and informs the Court and the public of the nature of the accusation. Each defendant has pleaded not guilty and is presumed to be innocent of the charges. Even after this indictment has been returned against a defendant, he begins this trial with a clean slate and absolutely no evidence against him. In fact, even if you find that the government has proven all of the factual allegations it listed in the indictment, after reviewing all the evidence in this case and listening to my instructions on the law, you may decide that a defendant is not guilty of the charges in the indictment.

Authority: Modified from Sand, Instr. 3-1; adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 21-22 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 25

### CRIMES DEFINED BY STATUTE ONLY

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the statutes and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, a violation of policy or standard of conduct does not constitute a violation of the criminal law. Instead, you are required to break each count down to the elements, determine if the government has or has not met its burden of proving the guilt of the defendant beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict.

Authority: Adapted from the charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931, at 128-29, *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103 and *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462, at 39; *see also United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

## PROPOSED JURY INSTRUCTION NO. 26

### SUMMARY OF THE INDICTMENT

The Indictment in this case consists of five counts, or charges.  I will, at times, refer to each count by the number assigned to it in the Indictment.  You should know that there is no significance to the order of these numbers or the specific number of counts charged.

Each count is a separate alleged offense or crime.  Each count must therefore be considered separately by you, as to each defendant named in that count, and you must return a separate verdict of guilty or not guilty on each count, as to each defendant named in that count.  Whether you find a defendant guilty or not guilty as to one count should not affect your verdict as to any other count charged.

The Indictment contains five counts or "charges":

**Count One** of the Indictment charges both defendants with conspiracy to bribe a public official.

**Count Two** charges Special Agent Costanzo only with accepting a bribe as a public official.

**Count Three** charges Mr. Recio only with bribery of a public official.

**Count Four** charges both defendants with conspiracy to commit honest services wire fraud.

**Count Five** charges both defendants with honest services wire fraud.

In a moment, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that you must consider each individual charge separately, and each defendant separately, and evaluate each on the proof or lack of proof that relates to that charge with respect to each defendant.  As you have seen, each count charges at least one defendant with

33

a crime, but not every defendant is charged in every count. Each count and each defendant must therefore be considered separately by you, and you must return a separate verdict for each defendant on each count in which he is charged.

I also instruct you that the defendants are not charged with committing any crime other than the offenses contained in the Indictment. The defendants are charged only with the acts contained in the counts charged in the indictment, and not for any other acts. You must not return a guilty verdict unless the government proves each element of each such count beyond a reasonable doubt.

Authority: Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 21-22 (S.D.N.Y. Oct. 22, 2021); *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 18 (E.D.N.Y. 2023); Third Circuit Model Criminal Jury Instructions § 2.23 (Oct. 2017); *see also* Sand, Instr. 3-3.

## PROPOSED JURY INSTRUCTION NO. 27

### STATE OF MIND

Throughout these instructions, you will hear me use, from time to time, the words "knowingly," "intentionally," "willfully," and "corrupt intent." I will define these terms for you now, and you should follow these definitions each time these terms are used in the instructions.

**Knowingly:** A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

**Intentionally:** A person acts intentionally when he acts deliberately and purposefully. That is, a person's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident.

**Willfully:** A person acts willfully when he acts knowingly and intentionally with a bad purpose, with knowledge that his conduct was unlawful.

**Corrupt intent:** A person acts with corrupt intent when he acts voluntarily and intentionally with an improper motive or purpose. This involves conscious wrongdoing or, as it has sometimes been expressed, a bad or evil state of mind.

As I will explain further, you will be required to make determinations about each defendant's state of mind, something that rarely can be proved directly. Whether a defendant acted with any particular state of mind may be proven by his conduct and by all of the facts and circumstances surrounding the case. Indeed, experience has taught that frequently actions speak louder and more clearly than words, and in your everyday affairs, you are frequently called upon

35

to determine a person's state of mind from his or her words and actions in a particular

circumstance.


Authority: Adapted from *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 18-19 (E.D.N.Y. 2023).

PROPOSED JURY INSTRUCTION NO. 28

**GOOD FAITH**

Because the government must prove that the defendants acted either willfully or with corrupt intent to establish their guilt on each of the charges in the Indictment, the "good faith" of a defendant is a complete defense to each count. Good faith means having a state of mind that is honest and absent of criminal intent. I say it is a "defense," but I want to make it clear a defendant has no burden of establishing his good faith. The burden remains on the government to prove beyond a reasonable doubt that a defendant acted willfully or with corrupt intent and, consequently, that he lacked good faith.

A person who acts or causes another person to act based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns out to be inaccurate, incorrect, or wrong. If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. Again, the burden of proving good faith does not rest with the defendants because the defendants do not have an obligation to prove anything in this case.

Whether a person acted in good faith, like whether he acted knowingly, intentionally, willfully, or with corrupt intent, is a question of fact for you to determine like any other question of fact.

<u>Authority</u>: Adapted from *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 20-21 (E.D.N.Y. 2023).

## PROPOSED JURY INSTRUCTION NO. 29

### *QUID PRO QUO*

Throughout these instructions, you will hear me use the term, "*quid pro quo*."  I will define that term for you now, and you should follow this definition each time the term is used in these instructions.  *Quid pro quo* is Latin, and it means "this for that" or "these for those."

The government alleges in this case that Special Agent Costanzo and Mr. Recio engaged in an unlawful bribery scheme in which Mr. Recio paid bribes to Special Agent Costanzo (the "*quid*") intending to induce him to commit a specific act in violation of his official duty as a DEA agent (the "*quo*").  In order to prove the bribery allegations in this case beyond a reasonable doubt, it is not enough for the government to prove that the alleged payments from Mr. Recio to Special Agent Costanzo in fact were made, or that Special Agent Costanzo in fact committed an act in violation of his official duty as a DEA agent.[1]

Nor is the *quid pro quo* element satisfied simply because the payment of a thing of value occurs close in time to an act by a public official; the thing of value must be paid to the public official with the intent to induce that act in violation of the official duty of that public official.  That said, the proximity in time of the payment of a thing of value and the act by a public official

---

Authorities:

[1]     *United States v. Silver*, 948 F.3d 538, 577 (2d Cir. 2020) ("An official who merely accepts a thing of value in an otherwise-legal manner (e.g., client referrals, as permitted under New York law) has not committed a crime.  If that official later acts to the benefit of the payor, she still has not committed a crime.  It is only upon a showing that, at the time the official accepted the payment, she understood it to be a payment in exchange for official influence on some specific, focused, and concrete matter involving the formal exercise of governmental power that the Government has met its burden."); *see also* the Court's discussion of Scenarios 3-5 in *United States v. Benjamin*, Case No. 21-cr-706 (JPO), 2022 WL 17417038, at *11 (S.D.N.Y. Dec. 5, 2022).

can be evidence supporting the existence of a *quid pro quo*.[2]  The converse, however, is also

true—the lack of a proximity in time between the payment of a thing of value and the act by a

public official can be evidence supporting the conclusion that a *quid pro quo* did not exist.[3]

Ultimately, the government must prove the existence of what is called a *quid pro quo*

agreement.[4]  A *quid pro quo* agreement is an element of each of the five counts charged in the

Indictment, and you must apply this definition to each of those counts.[5]  The government is not

required to prove that the *quid pro quo* agreement was explicit.  That is, the government does not

have to prove that the terms of the agreement were ever expressly communicated by the

defendants.  Instead, the government must prove at least an implicit *quid pro quo* agreement

between the defendants to exchange payments of things of value from Mr. Recio for specific acts

---

[2]      Adapted from *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 22 (E.D.N.Y. 2023).

[3]      *Cf. Benjamin*, Case No. 21-cr-706 (JPO), 2022 WL 17417038, at *11 (finding that a hypothetical in which a mayor awards a city contract six months after a businesswoman's $5,000 donation, "plainly does not constitute a *quid pro quo*").

[4]      *McDonnell v. United States*, 579 U.S. 550, 572 (2016) ("The agreement need not be explicit, and the public official need not specify the means that he will use to perform his end of the bargain.  Nor must the public official in fact intend to perform the 'official act,' so long as he agrees to do so.  A jury could, for example, conclude that an agreement was reached if the evidence shows that the public official received a thing of value knowing that it was given with the expectation that the official would perform an 'official act' in return."); *Benjamin*, 2022 WL 17417038, at *9 ("In other words, an 'agreement may be implied from the official's words and actions.' *Ganim*, 510 F.3d at 134. . . .  But based on *Garcia* and *Ganim*, the Second Circuit holds that that rule applies only in the context of non-campaign-contribution cases.  Thus, the *McCormick* standard does not allow for a conviction based only on proof of 'implicit' agreements."); *id.* at *11 ("Scenario 3 plainly does not constitute a *quid pro quo*: there is no agreement at all, much less one conditioning the *quid* on the *quo*.").

[5]      *Benjamin*, 2022 WL 17417038, at *14 (S.D.N.Y. Dec. 5, 2022) (dismissing honest services wire fraud charge and related conspiracy charge based on indictment's failure to allege an explicit *quid pro quo* agreement as to either of the counts); *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 63 (E.D.N.Y. 2023) ("Although the government need only prove that the conspirators agreed to at least one of those *quid pro quos* as objects of the charged conspiracy [to commit honest services wire fraud], you must be unanimous as to the object of the conspiracy to find the first element satisfied.").

by Special Agent Costanzo in violation of his official duty as a DEA agent.[6]  Although it need

only be implicit, the government still must prove the existence of such an agreement beyond a

reasonable doubt.

In order to prove an implicit *quid pro quo* agreement, the government must prove four

separate elements.  The government is required to prove each of these four elements beyond a

reasonable doubt, so if you find that the government has not done so for any of the following

elements, you must enter a verdict of not guilty for each defendant on each of the five counts in

the Indictment.[7]

*First*, the government must prove that Special Agent Costanzo promised Mr. Recio that

he would violate his official duty as a DEA agent for Mr. Recio's benefit.[8]  The government

---

[6]    *McDonnell*, 579 U.S. at 572 ("The agreement need not be explicit, and the public official need
not specify the means that he will use to perform his end of the bargain. Nor must the public official in
fact intend to perform the 'official act,' so long as he agrees to do so. A jury could, for example, conclude
that an agreement was reached if the evidence shows that the public official received a thing of value
knowing that it was given with the expectation that the official would perform an 'official act' in
return."); *Benjamin*, 2022 WL 17417038, at *9 ("In other words, an 'agreement may be implied from the
official's words and actions.' *Ganim*, 510 F.3d at 134. . . .  But based on *Garcia* and *Ganim*, the Second
Circuit holds that that rule applies only in the context of non-campaign-contribution cases.  Thus, the
*McCormick* standard does not allow for a conviction based only on proof of 'implicit' agreements.");
*Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 20-21 (E.D.N.Y. 2023) ("The Government does not
have to prove that there was an express or explicit agreement that official actions would be taken in
exchange for the bribe.  A *quid pro quo* can be implied from words and actions because, otherwise, the
law's effect could be frustrated by knowing winks and nods."); *United States v. Percoco*, Case No. 16-cr-
776 (VEC), ECF No. 516 (Final Jury Charge) (Feb. 28, 2018) ("The Government does not have to prove
that there was an express or explicit agreement that any particular official action would be taken, and it
does not matter who initiated the payments, so long as the payments were intended, at least in part, to be
in exchange for official action as the opportunities arose.").

[7]    *Benjamin*, 2022 WL 17417038, at *14 (S.D.N.Y. Dec. 5, 2022) (dismissing honest services wire
fraud charge and related conspiracy charge based on indictment's failure to allege an explicit *quid pro quo*
agreement as to either count).

[8]    *Silver*, 948 F.3d at 557 ("More pointedly, such a promise is so lacking in definition or specificity
that it amounts to no promise at all.  And, absent a promise, there is no *quid pro quo*."); *id.* at 558
("Indeed, without a requirement that an official must promise to influence a particular question or matter,
any official who accepts a thing of value and then later acts to the benefit of the donor, in any manner,
could be vulnerable to criminal prosecution."); *United States v. Myers*, 692 F.2d 823, 841 (2d Cir. 1982)
("bribery under section 201(c) requires a promise of a future act in exchange for the money given to the

alleges that Special Agent Costanzo violated his official duty either by disclosing non-public information about DEA indictments and investigations to Mr. Recio, or by assisting Mr. Recio with charged defendants for whom Mr. Recio was working as a private investigator.[9]  It is not enough for the government to prove that Special Agent Costanzo in fact violated his official duty as a DEA agent in either manner alleged by the government, although a violation of Special Agent Costanzo's official duty is an element of the bribery charges (Counts Two and Three) and the honest services wire fraud charge (Count Five) in this case.

Instead, in order to prove the existence of a *quid pro quo* agreement, the government also must prove that Special Agent Costanzo <u>promised</u> Mr. Recio that he would violate his official duty for Mr. Recio's benefit.  Like the agreement itself, the government does not have to prove an explicit or express promise by Special Agent Costanzo.  However, the government must prove that Special Agent Costanzo at least implicitly promised Mr. Recio that he would violate his official duty for Mr. Recio's benefit.[10]  Finally, although the government does not have to prove that a specific <u>act</u> in violation of Special Agent Costanzo's official duty was identified at the time of his alleged promise to Mr. Recio, the government does have to prove that a particular violation of Special Agent Costanzo's official duty was identified at that time.[11]

---

public official, an element not required for receipt of an unlawful gratuity[.]") (citing *United States v. Brewster*, 408 U.S. 501, 526 (1972), for the proposition that "[t]he illegal conduct [in a bribery case] is taking or agreeing to take money for a promise to act in a certain way.")).

[9]      *United States v. Costanzo*, Case No. 22-cr-281 (JPO), ECF No. 1 (Indictment), at 7 ("Overview of the Bribery Scheme").

[10]      *Silver*, 948 F.3d at 548, 552 (applying "implicit promise" standard to Hobbs Act extortion and honest services fraud charges).

[11]      *See Silver*, 948 F.3d at 553 ("Even though the particular *act* of influence need not be identified at the time of the official's promise, the particular *question* or *matter* to be influenced must be.") (emphasis in original).  Although *Silver* was decided in the context of honest services fraud charges defined according to the meaning of "official act" under Section 201, the same statutory *quid pro quo* language that modifies the "official act" subsection, 201(b)(2)(A)—"in return for"—also modifies the "official

*Second*, the government must prove that at the time Special Agent Costanzo allegedly accepted a payment of a thing of value from Mr. Recio,[12] Special Agent Costanzo conveyed to Mr. Recio that he intended to violate his official duty as a DEA agent in exchange for that payment.  Under federal law, the *quid pro quo* element of bribery is not concerned with a public official's actual intent.[13]  That is, when evaluating this *quid pro quo* element, you are not being asked to decide whether Special Agent Costanzo actually intended to violate his official duty as a DEA agent.  Instead, the government must prove that at the time Special Agent Costanzo accepted a payment of a thing of value from Mr. Recio, he <u>conveyed</u> to Mr. Recio that he intended to do so in exchange for that payment.[14]

*Third*, the government must prove that Mr. Recio paid a thing of value to Special Agent Costanzo intending to induce Special Agent Costanzo to commit a specific act in violation his

---

duty" subsection of 201(b)(2)(C).  In addition, the "quo" identified in 201(b)(2)(A)—"*any* official *act*"—mirrors the "quo" identified in 201(b)(2)(C): "*any act* in violation of the official duty of such official[.]"

[12]    *Silver*, 948 F. 3d at 556 ("*McDonnell* re-emphasizes that the relevant point in time in a *quid pro quo* bribery scheme is the moment at which the public official accepts the payment.") (citing *McDonnell* and *Evans v. United States*, 504 U.S. 255, 268 (1992) ("[T]he offense is completed at the time when the public official receives a payment in return for his agreement to perform specific official acts  . . . .")).

[13]    *Silver*, 948 F.3d at 552 ("As both *McDonnell* and *Myers* make clear, it is the official's *conveyed* intent—not her actual intent—that is determinative in an honest services fraud conviction.") (emphasis in original); *id.* at 549 (as to Hobbs Act extortion bribery charge, "the official's actual intent is of no moment.  What matters is the intent the official *conveys* to the payor—*i.e.*, that he will take or refrain from taking certain official action in return for payment.') (emphasis in original); *Myers*, 692 F.2d at 841 ("being influenced" language under § 201(b)(2) "does not describe the [official's] true intent, it describes the intention he conveys to the briber in exchange for the bribe."); *United States v. Valle*, 538 F.3d 341, 347 (5th Cir. 2008) ("Nothing in *Sun-Diamond* suggests that a conviction under § 201(b)(2) requires that an official intend to commit an official act, or violation of his duty, when he corruptly enters into a *quid pro quo*, an agreement to receive something of value in exchange for an official act.").

[14]    *Id.*; *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Instructions), at 48 (E.D.N.Y. June 27, 2023) ("remember that it is [the public official's] conveyance to the other defendants of his intent to be influenced that is important, not the subsequent actions of [the public official].").

official duty as a DEA agent.[15]  If you find that Mr. Recio paid a thing of value to Costanzo

solely to cultivate goodwill or to nurture a relationship with him—and not to induce him to

violate his official duty as a DEA agent—then this element will not have been proven and you

must enter a verdict of not guilty for the defendants on all counts.

 An alleged *quid pro quo* is not proven if you find that something of value was given to or

accepted by a public official solely out of friendship or some other motive unrelated to inducing

a violation of the public official's official duty.  Gifts exchanged solely to cultivate friendship or

good will, obtain access, or nurture a relationship are not bribes.  Likewise, if a public official

committed an act solely for reasons unrelated to his receipt of gifts or things of value, a *quid pro

quo* has not been established.  The government must prove that Mr. Recio intended to induce

Special Agent Costanzo to commit an act in violation of his official duty when making an alleged

payment to Special Agent Costanzo.[16]

 *Fourth*, the government must prove that Special Agent Costanzo accepted a payment of a

thing of value from Mr. Recio, knowing that Mr. Recio intended the payment to induce Special

---

[15] 18 U.S.C. § 201(b)(1)(C); *United States v. Bruno*, 661 F.3d 733, 744-45 (2d Cir. 2011) (in a case against a public official: "From this and other evidence, a rational jury could find that [the bribe payor's] purpose in hiring [the public official] as a consultant was for [the official] to use his office to further the interests of [the bribe payor] and [the bribe payor's company]."); *Myers*, 692 F.2d at 841 (quoting House Committee report on then-present version of Section 201: "The language used in subsection (c) [of section 201] emphasizes that it is the purpose for which the recipient knows the bribe is offered or given when he solicits, receives, or agrees to receive it which is determinative of criminality."); *United States v. Ring*, 706 F.3d 460, 468 (D.C. Cir. 2013) ("These careful instructions touched all the necessary bases, requiring a specific intent to influence official acts, an intent that the official 'realize or know' that the corrupt exchange is being proposed, and a showing that the gifts 'were conditioned upon' the official's act or agreement."); *Valle*, 538 F.3d at 346 ("This legislative history shows that Congress did not intend for a violation of § 201(b)(2)(C) to turn on whether the official intended to commit a violation of his duty. Instead, it indicates that Congress intended the statute to be violated when an official took the bribe, knowing that it was given for the purpose of inducing him to violate his official duty, whether or not he actually intended to follow through with the violation.").

[16] Adapted from *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Instructions), at 23-24 (E.D.N.Y. June 27, 2023).

Agent Costanzo to commit a specific act in violation of his official duty as a DEA agent.[17]  In

this context, "knowing" means that Special Agent Costanzo must have had actual knowledge that

Mr. Recio intended to induce him to commit a specific act in violation of his official duty.[18]  If

you find that Special Agent Costanzo understood that the payments from Mr. Recio were

provided solely to cultivate friendship or goodwill, obtain access, or nurture a relationship with

him, and not to induce Special Agent Costanzo to commit a specific act in violation of his

official duty, then this element will not have been proven, even if Special Agent Costanzo later

performed some act that was beneficial to Mr. Recio.[19]

        The government must prove all four of these elements beyond a reasonable doubt to

establish that the alleged payments from Mr. Recio, and the alleged acts by Special Agent

Costanzo in violation of his official duty as a DEA agent, were part of a *quid pro quo* agreement,

and therefore, part of a corrupt bribery scheme.  If you find that the government has failed to

prove any of these four elements beyond a reasonable doubt, then you must enter a verdict of not

guilty for each defendant on all five counts in the Indictment.  On the other hand, if you find that

---

[17]      *Myers*, 692 F.2d at 841 (quoting House Committee report on then-present version of Section 201: "The language used in subsection (c) [of section 201] emphasizes that it is the purpose for which the recipient knows the bribe is offered or given when he solicits, receives, or agrees to receive it which is determinative of criminality."); *Ring*, 706 F.3d at 468 ("These careful instructions touched all the necessary bases, requiring a specific intent to influence official acts, an intent that the official 'realize or know' that the corrupt exchange is being proposed, and a showing that the gifts 'were conditioned upon' the official's act or agreement."); *Valle*, 538 F.3d at 346 ("This legislative history shows that Congress did not intend for a violation of § 201(b)(2)(C) to turn on whether the official intended to commit a violation of his duty.  Instead, it indicates that Congress intended the statute to be violated when an official took the bribe, knowing that it was given for the purpose of inducing him to violate his official duty, whether or not he actually intended to follow through with the violation.")

[19]      Adapted from *United States v. Silver*, Case No. 15-cr-093 (VEC), ECF No. 399 (Jury Instructions), at 18-19 (S.D.N.Y. May 10, 2018).

the government has proven all four elements beyond a reasonable doubt, then you should move

on to consider the remaining elements of the charged offenses in this case.

<u>PROPOSED JURY INSTRUCTION NO. 30</u>

**COUNT TWO: PUBLIC OFFICIAL ACCEPTING A BRIBE: COSTANZO –**

**GENERAL INSTRUCTION**


I will now instruct you as to the specific legal elements of each of the crimes charged in

the Indictment.  I will begin with Counts One, Two, and Three.  Count One charges both

defendants with conspiring to bribe a public official.  Count Two charges Special Agent

Costanzo only with accepting a bribe as a public official and Count Three charges Mr. Recio

only with bribery of a public official.  I will first instruct you on the elements of the substantive

offenses in Counts Two and Three before instructing you on the conspiracy charged in Count

One.

Count Two charges defendant John Costanzo with accepting a bribe while acting as a

public official.  The relevant statute covering this charge is section 201(b)(2)(C) of Title 18 of the

United States Code.  Section 201(b)(2)(C) states that it shall be unlawful for any person, who,

"being a public official or person selected to be a public official, directly or indirectly, corruptly

demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or

for any other person or entity, in return for: . . . being induced to do or omit to do any act in

violation of the official duty of such official or person."


<u>Authority</u>:  Adapted from the jury charge given in *United States v. Goldstein*, Case No. 21-cr-550
(DC), ECF No. 157 (Jury Charge), at 26-27 (E.D.N.Y. June 27, 2023).

<u>PROPOSED JURY INSTRUCTION NO. 31</u>

**COUNT TWO: PUBLIC OFFICIAL ACCEPTING A BRIBE: COSTANZO --
ELEMENTS**

In order to find defendant John Costanzo guilty of accepting a bribe as a public official as charged in Count Two, you must find that the Government has proven beyond a reasonable doubt each of the following elements of the crime:

<u>First</u>, that Special Agent Costanzo accepted a payment of a thing of value from Mr. Recio;

<u>Second</u>, that Special Agent Costanzo did so while he was a public official;

<u>Third</u>, as part of a *quid pro quo* that Special Agent Costanzo entered into with corrupt intent; and

<u>Fourth</u>, that in return for the thing of value from Mr. Recio, Special Agent Costanzo was induced to commit a specific act in violation of his official duty as a DEA agent.

The government is required to prove all four elements beyond a reasonable doubt to establish that Special Agent Costanzo accepted a bribe while he was a public official.  If you find that the government has failed to prove any of these four elements beyond a reasonable doubt, then you must enter a verdict of not guilty for Count Two.  On the other hand, if you find that the government has proven all four elements beyond a reasonable doubt, then you should enter a verdict of guilty for Count Two.

<u>Authority</u>:  18 U.S.C. § 201(b)(2)(C).

48

<u>PROPOSED JURY INSTRUCTION NO. 32</u>

**COUNT TWO: PUBLIC OFFICIAL ACCEPTING A BRIBE: COSTANZO – FIRST**

**ELEMENT: ACCEPTING A PAYMENT OF A THING OF VALUE**

The first element of Count Two is that Special Agent Costanzo accepted a payment of a thing of value from Mr. Recio.  The government alleges that Special Agent Costanzo accepted four payments from Mr. Recio in this case:

1. On or about November 14, 2018, Mr. Recio wrote a $2,500 check from the Global Legal Consulting Bank Account to a company co-owned by Family Member-1.  The government alleges that this payment was actually for the benefit of Special Agent Costanzo.
2. On or about January 17, 2019, TFO-1 wrote a $50,000 check to Family Member-1, and on or about February 13, 2019, Family Member-1 paid $50,000 to a real estate attorney to fund part of a down payment for Special Agent Costanzo's purchase of a condominium.
3. On or about April 22, 2019, Mr. Recio wrote a check from Global Legal Consulting to Company-1 for $10,000.
4. On or about June 5, 2019, Mr. Recio wrote a check from Global Legal Consulting to Company-1 for $10,750.

I instruct you that payments of things of value to Special Agent Costanzo from individuals other than Mr. Recio are not within the scope of this case.  You may only consider a payment from an individual other than Mr. Recio if you find that such payment was indirectly made on behalf of Mr. Recio.

I further instruct you that you must be unanimous as to which payment or payments, if any, Special Agent Costanzo accepted from Mr. Recio.  That is, some of you cannot find that Special Agent Costanzo accepted one payment from Mr. Recio, while others of you find that Special Agent Costanzo accepted another payment.  For at least one of the four payments alleged by the government, you must be unanimous that Special Agent Costanzo accepted that payment

from Mr. Recio, directly or indirectly. If you cannot agree unanimously on at least one payment

that Special Agent Costanzo accepted from Mr. Recio, then you must find Special Agent

Costanzo not guilty of Count Two and you should move on to the next count.


Authority: Case No. 22-cr-281 (JPO), ECF No. 1 (Indictment), at ¶¶ 17, 19 (S.D.N.Y. May 18, 2022); *id.* at ¶ 21 (limiting the "quo" to alleged violations of Special Agent Costanzo's official duty for the benefit of Mr. Recio); *United States v. Walker*, 254 Fed. App'x. 60, 62 (2d Cir. 2007) ("Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction."); *United States v. Dupre,* 462 F.3d 131,143 (2d Cir. 2006) ("Had Count Two listed all the wire transfers about which witnesses might eventually testify at trial and had the trial judge informed the jury that unanimous agreement about any one of those transfers could justify a guilty verdict, our precedent would compel a conclusion that defendants had suffered no prejudice.").

<u>PROPOSED JURY INSTRUCTION NO. 33</u>

**COUNT TWO: PUBLIC OFFICIAL ACCEPTING A BRIBE: COSTANZO – SECOND ELEMENT: PUBLIC OFFICIAL**

The second element of Count Two requires the government to prove that at the time Special Agent Costanzo accepted a thing of value from Mr. Recio, he was acting as a public official.  A "public official" is defined as a "Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror."

I instruct you that you should only consider this element for the payment or payments which you have unanimously found Special Agent Costanzo to have accepted from Mr. Recio.

<u>Authority</u>:  18 U.S.C. § 201(a)(1).

<u>PROPOSED JURY INSTRUCTION NO. 34</u>

**COUNT TWO: PUBLIC OFFICIAL ACCEPTING A BRIBE: COSTANZO – THIRD**

**ELEMENT: *QUID PRO QUO* AND CORRUPT INTENT**

The third element of Count Two that the government must prove beyond a reasonable doubt is that Special Agent Costanzo entered into a *quid pro quo* agreement with Mr. Recio with corrupt intent.  This element, therefore, has two subparts.

*First*, I previously instructed you on the meaning of "*quid pro quo*" and you should apply those instructions here.

*Second*, the government must prove that Special Agent Costanzo entered into the alleged *quid pro quo* agreement with Mr. Recio with corrupt intent.  I previously instructed you on the meaning of "corrupt intent" and you should apply that definition here.  I further instruct you that because corrupt intent is an element of this count, it follows that good faith on the part of a defendant that he was acting lawfully is a complete defense to the charge.  You should follow the good faith instruction that I previously provided.  Bear in mind that no defendant has a burden to establish good faith.  The burden is on the government to prove corrupt intent beyond a reasonable doubt.

I once again instruct you that you should only consider this element for the payment or payments that you have unanimously determined that Special Agent Costanzo accepted from Mr. Recio.

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 49 (E.D.N.Y. June 27, 2023).

<u>PROPOSED JURY INSTRUCTION NO. 35</u>

**COUNT TWO: PUBLIC OFFICIAL ACCEPTING A BRIBE: COSTANZO – FOURTH ELEMENT: BEING INDUCED TO VIOLATE COSTANZO'S OFFICIAL DUTY**

The fourth element of Count Two that the government must prove beyond a reasonable doubt is that, in return for a payment of a thing of value from Mr. Recio, Special Agent Costanzo was induced to commit a specific act in violation of his official duty as a DEA agent. You should only consider this element for the payment or payments that you have unanimously determined that Special Agent Costanzo accepted from Mr. Recio while Special Agent Costanzo was a public official, and that were part of a *quid pro quo* that Special Agent Costanzo entered into with corrupt intent.

This element has two subparts.

*First*, the government must prove beyond a reasonable doubt that the payment of a thing of value from Mr. Recio induced Special Agent Costanzo to commit a specific act. A person is "induced" by a payment of a thing of value when that payment leads or tempts that person to commit the specific act.[20] As with the first element, you must be unanimous as to which payment of a thing of value alleged by the government induced Special Agent Costanzo to commit a specific act.[21]

---

Authorities:

[20]     *See United States v. Hansen*, 143 S. Ct. 1932, 1943 (2023) (citing Black's Law Dictionary as "defining 'inducement' to mean 'that which leads or tempts to the commission of crime'").

[21]     *Walker*, 254 Fed. App'x. at 62 (2d Cir. 2007) ("Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction."); *Dupre,* 462 F.3d at

*Second*, the government must prove beyond a reasonable doubt that the specific act that Special Agent Costanzo was induced by the payment to commit constituted a violation of his official duty as a DEA agent.  Special Agent Costanzo's official duty is defined as any statutory, regulatory, or other duty imposed upon and made known to Special Agent Costanzo, either orally or in writing, by virtue of and specific to his position as a special agent and/or group supervisor at the Drug Enforcement Administration.[22]

There is no bright-line definition of official duty, and the scope of Special Agent Costanzo's official duties is an issue of fact for you to determine as the jury.[23]  In some cases, the time and place of an agent's conduct may be of decisive importance in determining both the scope of the agent's official duty and whether the agent violated that duty.  In other cases, the agent's law enforcement mission may be of critical importance in making that determination.[24]  The issue for you to examine is whether Special Agent Costanzo was acting in good faith or within the scope of what a DEA agent is employed to do, or whether he was engaging in a personal frolic of his own.[25]

The government alleges in this case that Special Agent Costanzo's official duties were defined by the written policies and standards of conduct of the DEA.  If you find that the official

---

143 (2d Cir. 2006) ("Had Count Two listed all the wire transfers about which witnesses might eventually testify at trial and had the trial judge informed the jury that unanimous agreement about any one of those transfers could justify a guilty verdict, our precedent would compel a conclusion that defendants had suffered no prejudice.").

[22]     Adapted from *United States v. Bailey*, Case No. 19-156-1 (CKK), 2023 WL 2139365, at *3 (D.D.C. Feb. 21, 2023).

[23]     *United States v. Hoffer*, 869 F.2d 123, 126 (2d Cir. 1989) ("the question of engagement in official duty in the case at bar was a factual one and therefore properly was left to the jury"); *United States v. Fernandez*, Case Nos. 19-15044, 19-15165, 2022 WL 3581793, at *5 (S.D. Fla. Aug. 8, 2022) ("The question of what responsibilities constituted Fernandez's 'official duties' was a factual one for the jury.").

[24]     *Hoffer*, 869 F.2d at 125 (quoting *United States v. Boone*, 738 F.2d 763, 765 (6th Cir. 1984)).

[25]     *Id.* at 126.

duties of a DEA special agent or group supervisor were not completely defined by the DEA's

written policies and standards of conduct, you may also consider evidence that has been admitted

during the trial concerning the customs and practices of DEA special agents and group

supervisors.[26]  You may consider that evidence when deciding whether a specific act allegedly

taken by Special Agent Costanzo constituted a violation of his official duty as a DEA agent.

You may also consider evidence concerning the customs and practices of DEA special

agents and group supervisors when evaluating Special Agent Costanzo's state of mind at the time

he took the actions alleged by the government in the Indictment.[27]

You must be unanimous as to which specific act allegedly committed by Special Agent

Costanzo constituted a violation of his official duty as a DEA agent.  If you cannot agree

unanimously on at least one act committed by Special Agent Costanzo that constituted a

---

[26]      *United States v. Biaggi*, 853 F.2d 89, 97 (2d Cir. 1988) ("The scope of official conduct may be found, in addition, in 'established usage,' for '[i]n numerous instances, duties not completely defined by written rules are clearly established by settled practice, and action taken in the course of their performance must be regarded as within the provisions of the above-mentioned statutes against bribery.'"); *United States v. Defreitas*, 29 F.4th 135, 147 (3rd Cir. 2022) (citing *United States v. Birdsall*, 233 U.S. 223, 231 (1914)).

[27]      *United States v. Bilzerian*, 926 F.2d 1285, 1285 (2d Cir. 1991) (in a securities fraud case, "[a]lthough testimony concerning the ordinary practices in the securities industry may be received to enable the jury to evaluate a defendant's conduct against the standards of accepted practice, testimony encompassing an ultimate legal conclusion based upon the facts of the case is not admissible[.]"); *United States v. Sheffield*, 992 F.2d 1164, 1169-70 (11th Cir. 1993) (reversing theft of government property conviction based on using military base materials for personal fishing equipment, and finding that excluded evidence "pertaining to the custom of using base facilities to produce authorized retirement gifts for high-ranking employees . . . was relevant to [defendant's] state of mind when he ordered the production fishing lure molds . . . because it had a tendency to make more probable [defendant's] claim that his request for fishing lure molds was part of a legitimate base project."); *United States v. Runner*, Case No. 18-cr-0578 (JS), 2023 WL 3727532, at *14 (E.D.N.Y. May 30, 2023) (in fraud prosecution, denying government motion to preclude expert testimony concerning industry practice, and noting defendant's argument "that such testimony is relevant to intent because it 'will permit the jury to compare aspects of the business which the [G]overnment contends were hallmarks of fraud to standard industry practice[.]'").

violation of his official duty, then you must find Special Agent Costanzo not guilty of Count Two and you should move on to the next count.[28]

Finally, if you reach a guilty verdict on Count Two, you must specify on your verdict form which of the four payments alleged by the government constituted a bribe that was accepted as part of a corrupt *quid pro quo* agreement, and that induced an act in violation of the official duties of a DEA agent. You must indicate on the verdict form the payment or payments on which you are unanimous as a jury.[29]

---

[28]     *Walker*, 254 Fed. App'x. at 62 (2d Cir. 2007) ("Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction."); *Dupre,* 462 F.3d at 143 (2d Cir. 2006) ("Had Count Two listed all the wire transfers about which witnesses might eventually testify at trial and had the trial judge informed the jury that unanimous agreement about any one of those transfers could justify a guilty verdict, our precedent would compel a conclusion that defendants had suffered no prejudice.").

[29]     *See United States v. Mangano*, Case No. 16-cr-540 (JMA), ECF No. 393 (Jury Instructions), at 29 (E.D.N.Y. Feb. 28, 2019).

<u>**PROPOSED JURY INSTRUCTION NO. 36**</u>

**COUNT THREE: BRIBERY OF A PUBLIC OFFICIAL: RECIO – GENERAL INSTRUCTION**

Count Three charges defendant Manuel Recio with paying a bribe to a public official. The relevant statute covering this charge is section 201(b)(1)(C) of Title 18 of the United States Code.  Section 201(b)(1)(C) states that it shall be unlawful for any person, who, "directly or indirectly, corruptly gives, offers or promises anything of value to any public official or person who has been selected to be a public official, or promises any public official or any person who has been selected to be a public official to give anything of value to any other person or entity, with intent: . . . to induce such public official or person who has been selected to be a public official to do or omit to do any act in violation of the official duty of such official or person."

<u>Authority</u>:  18 U.S.C. § 201(b)(1)(C).

<u>PROPOSED JURY INSTRUCTION NO. 37</u>

**COUNT THREE: BRIBERY OF A PUBLIC OFFICIAL: RECIO – ELEMENTS**

In order to find defendant Manuel Recio guilty of bribery of a public official as charged in Count Three, you must find that the Government has proven beyond a reasonable doubt each of the following elements of the crime:

<u>First</u>, that Mr. Recio made a payment of a thing of value to Special Agent Costanzo;

<u>Second</u>, while Special Agent Costanzo was a public official;

<u>Third</u>, as part of a *quid pro quo* that Mr. Recio entered into with corrupt intent;

<u>Fourth</u>, that in paying the thing of value, Mr. Recio intended to induce Special Agent Costanzo to commit a specific act in violation of his lawful duty.

The government is required to prove all four elements beyond a reasonable doubt to establish that Mr. Recio bribed a public official. If you find that the government has failed to prove any of these four elements beyond a reasonable doubt, then you must enter a verdict of not guilty for Count Three. On the other hand, if you find that the government has proven all four elements beyond a reasonable doubt, then you should enter a verdict of guilty for Count Three.


<u>Authority</u>: 18 U.S.C. § 201(b)(1)(C).

<u>PROPOSED JURY INSTRUCTION NO. 38</u>

**COUNT THREE: BRIBERY OF A PUBLIC OFFICIAL: RECIO – FIRST ELEMENT: PAYMENT OF A THING OF VALUE**

The first element of Count Three requires the government to prove that Mr. Recio paid a thing of value to Special Agent Costanzo. In my instructions for Count Two, I identified the payments from Mr. Recio that the government has alleged in this case. You must follow those instructions here.

As was the case with Count Two, I instruct you that payments of things of value to Special Agent Costanzo from individuals other than Mr. Recio are not within the scope of this case. You may only consider a payment from an individual other than Mr. Recio if you find that such payment was indirectly made on behalf of Mr. Recio.

You must be unanimous as to which payment or payments Mr. Recio made to Special Agent Costanzo. That is, some of you cannot find that Mr. Recio made one payment to Special Agent Costanzo, while others of you find that Mr. Recio made another payment. For at least one of the four payments alleged by the government, you must be unanimous that Mr. Recio made that payment to Special Agent Costanzo, directly or indirectly. If you cannot agree unanimously on at least one payment that Mr. Recio made to Special Agent Costanzo, then you must find Mr. Recio not guilty of Count Three and you should move on to the next count.

<u>Authority</u>: Case No. 22-cr-281 (JPO), ECF No. 1 (Indictment), at ¶¶ 17, 19 (S.D.N.Y. May 18, 2022); *id.* at ¶ 21 (limiting the "quo" to alleged violations of Special Agent Costanzo's official duty for the benefit of Mr. Recio); *United States v. Walker*, 254 Fed. App'x. 60, 62 (2d Cir. 2007) ("Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction."); *United States v. Dupre,* 462 F.3d 131,143 (2d Cir. 2006) ("Had Count Two listed all the wire transfers about which witnesses might

eventually testify at trial and had the trial judge informed the jury that unanimous agreement about any one of those transfers could justify a guilty verdict, our precedent would compel a conclusion that defendants had suffered no prejudice.").

<u>**PROPOSED JURY INSTRUCTION NO. 39**</u>

**COUNT THREE: BRIBERY OF A PUBLIC OFFICIAL: RECIO – SECOND ELEMENT:**

**PAYMENT TO A PUBLIC OFFICIAL**

The second element of Count Three requires the government to prove that at the time Mr. Recio paid a thing of value to Mr. Costanzo, Mr. Costanzo was acting as a public official.  A "public official" is defined as a "Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror."

I instruct you that you should only consider this element for the payment or payments which you have unanimously found Mr. Recio to have made to Special Agent Costanzo.

<u>Authority</u>:  18 U.S.C. § 201(a)(1).

61

PROPOSED JURY INSTRUCTION NO. 40

**COUNT THREE: BRIBERY OF A PUBLIC OFFICIAL: RECIO – THIRD ELEMENT:**

***QUID PRO QUO* AND CORRUPT INTENT**

The third element of Count Three that the government must prove beyond a reasonable doubt is that Mr. Recio entered into a *quid pro quo* agreement with Special Agent Costanzo with corrupt intent. I have previously instructed you on the meaning of "*quid pro quo*" and you should apply those instructions here.

The government also must prove that Mr. Recio entered into the alleged *quid pro quo* agreement with Special Agent Costanzo with corrupt intent. I previously instructed you on the meaning of "corrupt intent" and you should apply that definition here. I further instruct you that because corrupt intent is an element of this count, it follows that good faith on the part of a defendant that he was acting lawfully is a complete defense to the charge. You should apply my prior instruction on the meaning of good faith here, as well. Bear in mind that no defendant has a burden to establish good faith. The burden is on the government to prove corrupt intent beyond a reasonable doubt.

I once again instruct you that you should only consider this element for the payment or payments that you have unanimously determined that Mr. Recio made to Special Agent Costanzo.

Authority: *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Instructions), at 49 (E.D.N.Y. June 27, 2023).

<u>PROPOSED JURY INSTRUCTION NO. 41</u>

**COUNT THREE: BRIBERY OF A PUBLIC OFFICIAL: RECIO – FOURTH ELEMENT: INTENDING TO INDUCE A VIOLATION OF THE PUBLIC OFFICIAL'S LAWFUL DUTY**

The fourth element of Count Three requires the government to prove beyond a reasonable doubt that Mr. Recio made a payment of a thing of value intending to induce Special Agent Costanzo to commit a specific act in violation of his lawful duty as a DEA special agent and/or group supervisor. You should only consider this element for the payment or payments that you have unanimously determined that Mr. Recio made to Special Agent Costanzo while he was a public official, and that were part of a *quid pro quo* that Mr. Recio entered into with corrupt intent.

This element has two subparts.

*First*, the government must prove beyond a reasonable doubt that Mr. Recio intended his payment of a thing of value to induce Special Agent Costanzo to commit a specific act in violation of his lawful duty. A person is "induced" by a payment of a thing of value when that payment leads or tempts that person to commit the specific act.[30] In this case, the government must prove that Mr. Recio intended his payment of a thing value to lead or tempt Special Agent Costanzo to commit a specific act in violation of his lawful duty. As with the first element, you

Authorities:

[30]     *See United States v. Hansen*, 143 S. Ct. 1932, 1943 (2023) (citing Black's Law Dictionary as "defining 'inducement' to mean 'that which leads or tempts to the commission of crime'").

must be unanimous as to which payment alleged by the government Mr. Recio intended to induce Special Agent Costanzo to commit a specific act in violation of his lawful duty.[31]

*Second*, the government must prove beyond a reasonable doubt that the specific act that Mr. Recio intended to induce Special Agent Costanzo to commit constituted a violation of Special Agent Costanzo's lawful duty as a DEA agent.  I instruct you that Special Agent Costanzo's "lawful duty" has the same meaning as his "official duty" under Count Two.  You should follow my instructions in Count Two when determining whether any act that Mr. Recio intended to induce Special Agent Costanzo to commit constituted a violation of Special Agent Costanzo's lawful duty.

As I have previously instructed, if you find that the duties of a DEA special agent or group supervisor were not completely defined by the DEA's written policies and standards of conduct, you may also consider evidence that has been admitted during the trial concerning the customs and practices of DEA special agents and group supervisors.[32]  You may consider that evidence when deciding whether a specific act allegedly taken by Special Agent Costanzo constituted a violation of his lawful duty as a DEA special agent or group supervisor.

I further instruct you that you may consider evidence concerning the customs and practices of DEA special agents and group supervisors when evaluating Mr. Recio's state of mind at the time he made the payments alleged by the government in the Indictment, and when

---

[31]      *Walker*, 254 Fed. App'x. at 62 (2d Cir. 2007) ("Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction."); *Dupre,* 462 F.3d at 143 (2d Cir. 2006) ("Had Count Two listed all the wire transfers about which witnesses might eventually testify at trial and had the trial judge informed the jury that unanimous agreement about any one of those transfers could justify a guilty verdict, our precedent would compel a conclusion that defendants had suffered no prejudice.").

[32]      *Biaggi*, 853 F.2d at 97; *Defreitas*, 29 F.4th at 147 (citing *Birdsall*, 233 U.S. at 231).

evaluating whether Mr. Recio intended those payments to induce a violation of Special Agent Costanzo's lawful duty.[33]

You must be unanimous as to which specific act Mr. Recio intended to induce Special Agent Costanzo to commit that constituted a violation of Special Agent Costanzo's lawful duty as a DEA agent.  If you cannot agree unanimously on at least one act that Mr. Recio intended to induce Special Agent Costanzo to commit that constituted a violation of his lawful duty, then you must find Mr. Recio not guilty of Count Three and you should move on to the next count.[34]

Finally, if you find Mr. Recio guilty of Count Three, you must specify on your verdict form which of the four payments alleged by the government constituted a bribe that Mr. Recio paid to Special Agent Costanzo as part of a corrupt *quid pro quo* agreement, and that was intended to induce Special Agent Costanzo to commit an act in violation of his lawful duty as a DEA agent.  You must indicate on the verdict form the payment or payments on which you are unanimous as a jury.[35]

---

[33]     *See* n.27, *supra*, citing *Bilzerian*, 926 F.2d at 1295; *Sheffield*, 992 F.2d at 1169-70; and *Runner*, 2023 WL 3727532, at *14.

[34]     *Walker*, 254 Fed. App'x. at 62 (2d Cir. 2007) ("Furthermore, *Dupre* and the cases it cites clearly signal courts and parties (including defendants) to the 'sound practice' of charging unanimity with particularity when multiple transactions serve as the basis for a fraud conviction."); *Dupre,* 462 F.3d at 143 (2d Cir. 2006) ("Had Count Two listed all the wire transfers about which witnesses might eventually testify at trial and had the trial judge informed the jury that unanimous agreement about any one of those transfers could justify a guilty verdict, our precedent would compel a conclusion that defendants had suffered no prejudice.").

[35]     *See United States v. Mangano*, Case No. 16-cr-540 (JMA), ECF No. 393 (Jury Instructions), at 29 (E.D.N.Y. Feb. 28, 2019).

## PROPOSED JURY INSTRUCTION NO. 42

## COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL – GENERAL INSTRUCTION

Count One charges both defendants with participating in a conspiracy to bribe a public official.  The relevant statute covering this charge is section 371 of Title 18 of the United States Code.  That section states that it shall be unlawful for two or more persons to conspire to commit any offense against the United States.

Authority:  18 U.S.C. § 371.

<u>PROPOSED JURY INSTRUCTION NO. 43</u>

**COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL**

So, what is a conspiracy?  A conspiracy is a kind of criminal partnership.  It is an agreement of two or more persons to join together to accomplish some unlawful purpose.  The essence of the crime of conspiracy is an agreement or understanding between two or more persons to violate other laws.  What we call a meeting of minds is required.  If one of two persons merely pretends to agree, the other party, whatever he may believe, is in fact not conspiring with anyone.

The crime of conspiracy to violate a federal law is an independent offense that is separate and distinct from the crime that is the objective of the conspiracy.  Indeed, you may find the defendants guilty of the crime of conspiracy even if you find that they never actually committed the substantive crime that was the objective of the conspiracy.

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 24 (S.D.N.Y. Oct. 22, 2021).

PROPOSED JURY INSTRUCTION NO. 44

**COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL – ELEMENTS**

In order to find the defendants guilty of the conspiracy charged in Count One, you must find that the government has proven beyond a reasonable doubt each of the following four elements of the crime:

First, that two or more persons entered into the unlawful agreement charged in Count One of the Indictment;

Second, that the defendant you are considering agreed to commit bribery of a public official, including a *quid pro quo*, as the object of their conspiracy;

Third, that the defendant you are considering knowingly and willfully became a member of the alleged conspiracy; and

Fourth, that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the alleged conspiracy.

I will discuss each in turn.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 24-25 (S.D.N.Y. Oct. 22, 2021); *Benjamin*, 2022 WL 17417038, at *14 (S.D.N.Y. Dec. 5, 2022) (dismissing honest services wire fraud charge and related conspiracy charge based on indictment's failure to allege an explicit *quid pro quo* agreement as to either of the counts); *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 63 (E.D.N.Y. 2023) ("Although the government need only prove that the conspirators agreed to at least one of those *quid pro quos* as objects of the charged conspiracy [to commit honest services wire fraud], you must be unanimous as to the object of the conspiracy to find the first element satisfied.").

PROPOSED JURY INSTRUCTION NO. 45

**COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL – FIRST ELEMENT: EXISTENCE OF THE CONSPIRACY**

Now let us consider the first element of the conspiracy charge.  The first element which the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that a conspiracy existed.  That is, that two or more persons entered into the unlawful agreement charged in Count One of the Indictment.  Count One alleges that the defendants, John Costanzo Jr. and Manuel Recio, conspired with each other and with others to bribe a public official. If you do not find that the conspiracy charged in Count One existed, you must find the defendants not guilty.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into a formal contract.  Similarly, you need not find that the alleged conspirators stated in words or writing what the scheme was, its object or purpose or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  From its very nature, a conspiracy is almost always characterized by secrecy, which makes detection difficult.  Conspirators do not usually reduce their agreements to writing.  They do not typically publicly broadcast their plans.  What the government must prove beyond a reasonable doubt is that there was a mutual understanding, either spoken or unspoken, between two or more persons to cooperate with each other to accomplish an unlawful act. Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

You may, of course, find that the existence of an agreement to disobey or disregard the law, as charged in Count One of the Indictment, has been established by direct proof.  However,

since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved. In a very real sense then, in the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an unlawful agreement existed here, consider the actions and statements of all of those you find to be participants in the conspiracy as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose. It is not, however, sufficient for the government to show that two individuals merely associated with each other or even that they committed separate crimes during the same period. Instead, you must find that each alleged conspirator agreed to participate in what he knew was a group venture toward the common goal of breaking the law.

In short, as far as the first element of the conspiracy is concerned, the government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in the Indictment.

If you conclude that the government has proven beyond a reasonable doubt the existence of such an agreement between two or more persons, then the government has met its burden and you should continue to the second element. If even one juror is not convinced beyond a reasonable doubt that there was an agreed-upon plan to violate the law, then you cannot convict the defendant of conspiracy.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 25-26 (S.D.N.Y. Oct. 22, 2021).

<u>PROPOSED JURY INSTRUCTION NO. 46</u>

**COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL – SECOND ELEMENT: OBJECT OF THE CONSPIRACY**

The "object" of a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve.  In Count One, the Indictment provides that there was one object or goal of the alleged conspiracy: to bribe a public official.   You must unanimously agree that this was the object of the alleged conspiracy in order to find that the government has met its burden as to the first element of Count One.

The object of the conspiracy charged in Count One is the object of bribing a public official, in violation of the federal bribery statute, which is section 201 of Title 18 of the United States Code.  I have previously instructed you on the language of that statute in Counts Two and Three.

The elements of bribery of a public official are set out in these instructions for Counts Two and Three of the Indictment.  In order to find that the defendant you are considering conspired to violate the federal bribery statute, you must find that the government proved beyond a reasonable doubt that the defendant participated in a conspiracy to cause Mr. Recio to pay bribes to Special Agent Costanzo intending to induce him to commit an act in violation of his official duty as a DEA agent.  You should refer to the instructions for Counts Two and Three when evaluating whether bribery of a public official was an object of the alleged conspiracy for Count One.

You need not find that bribes were actually paid to find a defendant guilty of conspiracy to bribe a public official.  However, the government must prove beyond a reasonable doubt that the defendants agreed to the *quid pro quo* charged in Counts Two and Three with corrupt intent.

71

I have already instructed you on the definitions of "quid pro quo" and "corrupt intent" and you should apply those definitions here. I further instruct you that you must be unanimous as to the *quid pro quo* that was the object of the conspiracy to find that the government has proved this element beyond a reasonable doubt.

<u>Authority</u>: Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 26-27 (S.D.N.Y. Oct. 22, 2021); *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 34, 63 (E.D.N.Y. 2023) ("Although the government need only prove that the conspirators agreed to at least one of those *quid pro quos* as objects of the charged conspiracy [to commit honest services wire fraud], you must be unanimous as to the object of the conspiracy to find the first element satisfied.").

<u>**PROPOSED JURY INSTRUCTION NO. 47**</u>

**COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL – THIRD ELEMENT: MEMBERSHIP**

If you find that the government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, and you are unanimous that Special Agent Costanzo and Mr. Recio agreed to the *quid pro quo* charged in Counts Two or Three with corrupt intent, then you must consider the third element of the alleged crime. The third element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendants knowingly, willfully and voluntarily became members of the alleged conspiracy with the intent of achieving its unlawful objective. I have already instructed you on the definitions of knowingly and willfully, and you should apply those definitions here.

In deciding whether a defendant was in fact a member of the conspiracy, you must consider whether the defendant knowingly and willfully joined the conspiracy intending to advance or achieve its goal. Did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective? Direct proof of state of mind is not always available. Indeed, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time in the past, he committed an act with a certain state of mind. Such direct proof is not required. Rather, you may look to the evidence of certain acts alleged to have taken place by or with the defendant, or in his presence.

An individual does not become a member of a conspiracy if he merely had knowledge or approved of a conspirator's unlawful conduct. Nor does he become a member of a conspiracy if he merely associated or worked with individuals engaged in a conspiracy, or if he, without

knowledge, happened to further the objectives of the conspiracy. Nor does he become a member

of a conspiracy if he, without knowledge, engages in the same conduct as a conspirator at the

same time. More is required under the law. In order to find the defendant guilty, you must find

that he and a co-conspirator reached an agreement to cooperate with each other to accomplish the

unlawful objectives of the charged conspiracy.

It is important for you to note that the defendant's participation in the conspiracy must be

established by independent evidence of his own acts or statements and the reasonable inferences

which may be drawn from them. The defendant's knowledge of the unlawful object of the

agreement must have existed at the time the defendant is alleged to have joined the conspiracy

and continued throughout his participation. The only relevant consideration is what the defendant

was thinking at the time.

I want to caution you that the defendant's mere association with another member of the

alleged conspiracy does not make that defendant a member of the alleged conspiracy. A person

may know, work with, or enter into business or friendship with an individual who is committing

a crime without being a criminal himself. You may not find that the defendant is a member of a

conspiracy merely because of a friendship or business association with alleged co-conspirators.

Mere similarity of conduct or the fact that alleged coconspirators may have assembled together

and discussed common aims and interests does not necessarily establish membership in the

conspiracy. Even being present at the place where a crime takes place or is discussed, or knowing

about criminal conduct does not, of itself, make someone a member of the conspiracy. Again,

intentional participation in the alleged conspiracy – *i.e.*, reaching an agreement to cooperate to

accomplish its unlawful objectives – is required.

The question is this: Has the government proven beyond a reasonable doubt that the defendant joined the conspiracy charged and knowingly and intentionally participated in it with the awareness of its unlawful purpose and as something he wished to bring about? If you do not unanimously agree that the government has satisfied its burden of proving this element, you may not find the defendant guilty of Count One.

Authority: Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 31-32 (S.D.N.Y. Oct. 22, 2021); modified from Sand, Instrs. 3A-3, 19-6 (§ 371 conspiracy); *see also United States v. Drivas*, 10-cr-771 (NG) (E.D.N.Y. Apr. 5, 2013), ECF No. 589, at 19, 25 ("'Willfully' means to act knowingly and with a bad purpose to disobey the law. 'Knowingly' means to act voluntarily and deliberately rather than mistakenly or inadvertently.") (§ 1349 conspiracy); *United States v. Campos*, 16-cr-395 (S.D.N.Y. June 22, 2016), ECF No. 140, at 27 ("[T] to act knowingly means to act consciously and voluntarily rather than by mistake or accident. To act willfully means to act deliberately and with a purpose to do something the law forbids.") (§ 371 conspiracy); *United States v. Shapiro*, 15-cr-155 (RNC) (D. Conn. June 1, 2017), ECF No. 462 at 67 ("To act knowingly means to act consciously and deliberately rather than mistakenly and inadvertently. To act willfully means to act purposely and with the intent to do something unlawful. Thus, a defendant enters into a conspiracy knowingly and willfully if he joins and participates in the conspiracy with knowledge of and the intent to further its unlawful objectives.") (§ 371 conspiracy); *United States v. Dixon*, 536 F.2d 1388, 1397-98 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the defendant had to have an "evil purpose") (§ 371 conspiracy); *United States v. Dardi*, 330 F.2d 316, 331 (2d Cir. 1964) (affirming lower courts jury instructions about intent, "evil motive" and purpose) (§ 371 conspiracy).

Sand, Instr. 19-4 ("What the government must prove is that there was a mutual understanding . . . between two or more people to *cooperate with each other to accomplish an unlawful act*.") (emphasis added); Sand, Instr. 19-6 ("Moreover, the fact that the acts of a defendant, without knowledge, *merely happen to further the purposes or objectives of the conspiracy*, does not make the defendant a member.") (emphasis added); *United States v. Tyson*, 653 F.3d 192, 210 (3d Cir. 2011) ("The evidence certainly does not suggest *coordinated action in support of a common goal*. To constitute coordinated action, there must be some link between the co-conspirators' conduct that suggests integration or unity of purpose. . . . [In this case, the evidence shows], at most, proof of parallel conduct – two individuals attempting to import firearms into the Virgin Islands. A conspiracy prosecution requires more.") (emphasis added); *United States v. Jones*, 371 F.3d 363, 366 (7th Cir. 2004) ("Even if Jones knew of Rock's plan to resell the rifle, *his knowledge or approval of the illegal scheme is insufficient to sustain a conviction*.") (emphasis added); *United States v. Ceballos*, 340 F.3d 115, 124 (2d Cir. 2003) ("There must be something more than mere knowledge, approval of or acquiescence in the object or the purpose of the conspiracy; the defendant's attitude towards the forbidden undertaking must be more positive[,] . . . he must in some sense promote their venture himself, make it his own, have a stake in its

outcome, or make an affirmative attempt to further its purposes.") (alterations and internal quotation marks omitted); *id.* at 128 ("The government cites no authority for the proposition that a defendant's mere receipt of payment on a preexisting debt in one unlawful business with knowledge of the fact that the money was generated by a different unlawful enterprise is sufficient to permit an inference that the defendant joined the second enterprise, and we are aware of none. To the contrary, acquiescence by itself is not sufficient."); *see also United States v. Ogando*, 547 F.3d 102, 107 (2d Cir. 2008) ("[I]n order to prove conspiracy . . . it is also true that the Government must show more than evidence of a general cognizance of criminal activity . . . or mere association with others engaged in criminal activity.") (internal quotation marks omitted); *United States v. Knox*, 68 F.3d 990, 995 (7th Cir. 1995) ("Mere association with conspirators, knowledge of a conspiracy, and presence during conspiratorial discussions are not sufficient proof.").

<u>PROPOSED JURY INSTRUCTION NO. 48</u>

**COUNT ONE: CONSPIRACY TO BRIBE A PUBLIC OFFICIAL – THIRD ELEMENT:**

**OVERT ACT**

Turning to the third and final element of the conspiracy charge in Count One, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly and willfully performed at least one overt act in furtherance of the objective of the conspiracy and that this overt act was performed during the existence or life of the conspiracy and was done somehow to further the goals of the conspiracy or agreement.

The term "overt act" means some type of outward action performed by one of the members of the conspiracy that further the objective of the conspiracy. An overt act may itself be a lawful act; however, the act must be a step in achieving the conspiratorial objective.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment be proven. Although you must find unanimously that some overt act in furtherance of the conspiracy has been proved, you do not have to be unanimous as to which act. Similarly, you need not find that the defendants committed the overt act. It is sufficient for the government to prove that one of the alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes in the eyes of the law, the act of all the members of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated.

You should bear in mind that the overt act standing alone may be an innocent lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting a conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal or constitutes an objective of the conspiracy.

<u>Authority</u>: Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 32-34 (S.D.N.Y. Oct. 22, 2021).

<u>PROPOSED JURY INSTRUCTION NO. 49</u>

**COUNT FIVE: HONEST SERVICES WIRE FRAUD – GENERAL INSTRUCTION**

Count Four charges both defendants with conspiring to commit honest services wire fraud.  Count Five charges both defendants with honest services wire fraud.  I will first instruct you on the elements of the substantive offense in Count Five before instructing you on the conspiracy charged in Count Four.

Count Five charges both defendants with honest services wire fraud.

The relevant statutes covering this charge are sections 1343 and 1346 of Title 18 of the United States Code.  Section 1343 states that it shall be unlawful for any person, who, "having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice."  Section 1346 states that the term "scheme or artifice to defraud," as used in section 1343, includes a scheme or artifice to deprive another of the intangible right of honest services.

<u>Authority</u>:  18 U.S.C. §§ 1343, 1346.

## PROPOSED JURY INSTRUCTION NO. 50

### COUNT FIVE: HONEST SERVICES WIRE FRAUD -- ELEMENTS

Honest services wire fraud involves a scheme to defraud the public of its right to a public official's honest services through bribery using wire communications.  To sustain its burden of proof on Count Five, the government must prove four elements beyond a reasonable doubt:

First, that during the time alleged in the Indictment, the defendant you are considering knowingly devised or participated in a scheme or artifice to deprive the public and the DEA of its right to the honest services of Special Agent Costanzo;

Second, that the defendant you are considering did so knowingly, willfully, and with a specific intent to defraud the public and the DEA;

Third, that the scheme involved the payment or receipt of bribes; and

Fourth, that the defendant you are considering used or caused the use of interstate wires in furtherance of the scheme.

I will now explain further about each element of honest services wire fraud.

Authority:  Adapted from the jury charge given in *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 55-56 (E.D.N.Y. 2023).

<u>PROPOSED JURY INSTRUCTION NO. 51</u>

**COUNT FIVE: HONEST SERVICES WIRE FRAUD -- FIRST ELEMENT: SCHEME OR ARTIFICE TO DEFRAUD**

The first element that the government must prove beyond a reasonable doubt is that the individual defendant you are considering knowingly devised or participated in a scheme or artifice to defraud the public and the DEA of its intangible right to the honest services of Special Agent Costanzo between in or about October 2018 and November 2019.

A "scheme or artifice" is any plan or course of action formed with the intent to accomplish some purpose. A scheme or artifice to defraud is a scheme that makes false representations regarding material facts, if the falsity is reasonably calculated to deceive persons of average prudence. A representation is false if it is untrue when made and was known at the time to be untrue by the person making the representation or causing it to be made. A fact is material if it would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or in making a decision. Deceitful statements of half-truths or the omission of material facts may also constitute false representations under the statute.[36]

I further instruct you that in order for an alleged false representation or omission of material facts to be fraudulent, the representation or omission must have been made in furtherance of an ongoing scheme or artifice to defraud. It is not sufficient for the government to prove that a false representation or omission of material facts was made merely to coverup or

---

<u>Authorities</u>:

[36]     Adapted from *United States v. Silver*, Case No. 15-cr-093 (VEC), ECF No. 399 (Jury Instructions), at 16 (S.D.N.Y. May 10, 2018).

conceal an otherwise completed scheme.[37]  This, then, raises the question of when an alleged

scheme or artifice to defraud is completed.  I instruct you that in this case, the government must

prove that a *quid pro quo* bribery scheme between Special Agent Costanzo and Mr. Recio

remained ongoing in order to prove that the alleged scheme or artifice to defraud continued to

exist.[38]  You should apply my prior instructions on the meaning of *quid pro quo* to determine if

any alleged bribery scheme remained ongoing as of a particular date.  If you find that an alleged

false representation or omission of material facts was made after the completion of any alleged

*quid pro quo* scheme, you may not consider that representation or omission to be a part of any

alleged scheme or artifice to defraud.

In this case, the government were has alleged that the defendants engaged in a fraudulent

scheme to defraud the public and the DEA of Special Agent Costanzo's honest services through

bribery.  While Special Agent Costanzo was employed by the DEA, he owed the public a duty of

honest services by virtue of his official position.  If a public official obtains a corrupt payment or

thing of value in exchange for being induced to commit a specific act in violation of his official

duty—that is, by accepting a bribe—the official has breached his duty of honest services.

I must caution you, however, that not all bad or undesirable conduct by a public official

violates the duty of honest services in the context of the criminal charges before you.  For

---

[37]     *United States v. Rubin*, 609 F.2d 51, 66 (2d Cir. 1979) ("This overt act was clearly in furtherance
of the conspiracy and not a mere coverup or concealment of a completed scheme."); c*f. United States v.
Kelley*, 551 F.3d 171, 172 (2d Cir. 2009) (although "bogus account statements" created by the defendant
"to avoid detection of the fraud" were relevant to proving intent and the extent of the scheme employed,
the defendant's use of such statements "is not in and of itself a securities law violation"); *see also United
States v. Chan¸* 94-cr-150 (PKL), 1995 WL 29460, at *1 (S.D.N.Y. 1995) (denying motion to dismiss wire
fraud statement and finding that "the First Amendment does not protect consciously false statements
made in furtherance of a criminal fraud[.]").

[38]     *United States v. Silver*, 948 F.3d 538, 572-73 (2d Cir. 2020) (vacating convictions where *quid pro
quo* scheme ended three years prior to start of limitations period and payments within the limitations
period were "the *result* of a *completed* [scheme], and . . . not in furtherance of one that [was] ongoing.")
(emphasis in original) (quoting *United States v. Grimm*, 738 F.3d 498, 503 (2d Cir. 2013)).

example, even where a DEA special agent or group supervisor has violated internal DEA policy or standards of conduct, that does not mean that they have engaged in a scheme to defraud. Nor is it sufficient for the government merely to demonstrate that a defendant was engaged in some undisclosed self-dealing by a public official or, more colloquially, that a public official had an undisclosed "conflict of interest" or violated some disclosure obligation.[39]

At the same time, it is not necessary that the government prove that the public and the DEA actually suffered any pecuniary loss. It is sufficient for the government to prove that the public and the DEA did not receive honest and faithful services because of the alleged bribery.

---

[39]     Adapted from *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 58 (E.D.N.Y. June 27, 2023), and *United States v. Avenatti*, Case No. 19-cr-373 (PGG), ECF No. 261 (Jury Instructions), at 38 (S.D.N.Y. Feb. 12, 2020).

<u>PROPOSED JURY INSTRUCTION NO. 52</u>

**COUNT FIVE: HONEST SERVICES WIRE FRAUD – SECOND ELEMENT: KNOWING**

**PARTICIPATION IN SCHEME WITH INTENT**

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering devised or participated in the scheme to defraud knowingly, willfully, and with a specific intent to defraud. The definitions of "knowingly," "willfully," and "intentionally" here are the same as the definitions that I gave you earlier. "Intent to defraud" means to act with the specific intent to deceive for the purpose of depriving the public and the DEA of their intangible right to the honest services of Special Agent Costanzo—*i.e.*, their right to Special Agent Costanzo's faithful performance of his fiduciary duties, including the duty not to accept payments or things of value in exchange for being induced to commit a specific act in violation of his official duty.

Direct proof of knowledge and fraudulent intent is almost never available. Nor is direct proof required. As I mentioned earlier, facts may be established by circumstantial evidence, based upon a person's outward manifestations, his or her words, conduct, and acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Because intent to defraud is an element of honest services wire fraud, it follows that a good faith belief on the part of a defendant that he was acting lawfully is a complete defense to the charge. I previously instructed you on the meaning of good faith, and that definition applies here, as well.

<u>Authority</u>: Adapted from the jury charge given in *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 58-59 (E.D.N.Y. 2023).

<u>PROPOSED JURY INSTRUCTION NO. 53</u>

**COUNT FIVE: HONEST SERVICES WIRE FRAUD – THIRD ELEMENT: RECEIPT OR GIVING OF BRIBES**

The third element that the government must prove beyond a reasonable doubt is that the defendant you are considering gave or received a bribe as part of the scheme to defraud as alleged in the Indictment.  A bribe is something of value that is paid to a public official with the intent of inducing that official to commit a specific act in violation of his official duty.  I have previously instructed you on these elements as to Counts Two and Three.  The instructions for Count Two, including each element of that charge, apply here as well as to Special Agent Costanzo, and the instructions for Count Three, including each element of that charge, apply here as well as to Mr. Recio.  Those instructions include the requirement that the government prove the existence of a *quid pro quo* agreement between Special Agent Costanzo and Mr. Recio.  I have previously explained what a *quid pro quo* is, and those instructions apply here as well.

<u>Authority</u>:  In *McDonnell*, the Supreme Court rejected a public official's argument that the honest services fraud statute was unconstitutionally vague.  The Court explained that its reference to the confines of Section 201 bribery—in that case, the definition of "official act" under § 201(a)(3)—avoided any such vagueness concerns regarding the honest services fraud statute.  *McDonnell*, 579 U.S. 580 ("Because we have interpreted the term "official act" in § 201(a)(3) in a way that avoids the vagueness concerns raised by Governor McDonnell, we decline to invalidate those statutes under the facts here.").  In the absence of tying an honest services fraud charge to Section 201, the honest services fraud statute is unconstitutionally vague.  *See Percoco v. United States*, 598 U.S. 319, 332, 337 (2023) ("To this day, no one knows what 'honest-services fraud' encompasses . . . Doubtless, Congress had high and worthy intentions when it enacted § 1346.  But it must do more than invoke an aspirational phrase and leave it to prosecutors and judges to make things up as they go along.  The Legislature must identify the conduct it wishes to prohibit.  And its prohibition must be knowable in advance—not a lesson to be learned by individuals only when the prosecutor comes calling or the judge debuts a novel charging instruction.") (Gorsuch, J., dissenting).

<u>PROPOSED JURY INSTRUCTION NO. 54</u>

**COUNT FIVE: HONEST SERVICES WIRE FRAUD – FOURTH ELEMENT: USE OF**

**INTERSTATE WIRES**

The fourth element that the government must prove beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. Wire communications include telephone calls, emails, faxes, text message, bank transfers of money, and uploads via the internet. "Interstate" means that the wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey.

The use of the wires need not itself be fraudulent. It must, however, further or assist in the carrying out of the scheme to defraud. It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which that defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others. When a defendant does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Indictment. However, the government does not have to prove that the wires were used on the exact date charged in the Superseding Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the Indictment.

I instruct you that in order for the use of the wires alleged by the government to satisfy this element, the use must have been in furtherance of an ongoing scheme or artifice to defraud.[40] It is not sufficient for the government to prove that a particular use of the wires was made merely to coverup or conceal an otherwise completed scheme.[41]  This, then, raises the question of when an alleged scheme or artifice to defraud is completed.  I instruct you that in this case, the government must prove that a *quid pro quo* bribery scheme between Special Agent Costanzo and Mr. Recio remained ongoing in order to prove that the alleged scheme or artifice to defraud continued to exist.[42]

You should apply my prior instructions on the meaning of *quid pro quo* to determine if any alleged bribery scheme remained ongoing as of a particular date.  If you find that an alleged use of the wires was made either before the start or after the completion of any alleged *quid pro quo* scheme, you may not consider that use of the wires to be in furtherance of any alleged scheme or artifice to defraud.

---

Authorities:  Adapted from the jury charge given in *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 60-62 (E.D.N.Y. 2023).

[40]    *United States v. Maze*; 414 U.S. 395, 402 (1974) (reversing mail fraud conviction where the charged mailings were all "directed to the end of adjusting accounts" between victims, and therefore came after the defendant's "scheme [had] reached fruition when he checked out of the motel"); *United States v. Weaver*; 860 F.3d 90, 97 (2d Cir. 2017) ("But under the plain language of §§ 1341 and 1343, the crimes were complete when, with fraudulent intent, Vendstar employees used the wires or mail in furtherance of a scheme to extract money from their victims via material misrepresentations."); *United States v. Rybicki*, 354 F.3d 124, 153 (2d Cir. 2003) ("the mails or wires must be used to further the scheme") (Raggi, C.J., concurring).

[41]    *See United States v. Rubin*, 609 F.2d 51, 66 (2d Cir. 1979) ("This overt act was clearly in furtherance of the conspiracy and not a mere coverup or concealment of a completed scheme.").

[42]    *United States v. Silver*, 948 F.3d 538, 572-73 (2d Cir. 2020) (vacating convictions where *quid pro quo* scheme ended three years prior to start of limitations period and payments within the limitations period were "the *result* of a *completed* [scheme], and . . . not in furtherance of one that [was] ongoing.") (emphasis in original) (quoting *United States v. Grimm*, 738 F.3d 498, 503 (2d Cir. 2013)).

Finally, you must be unanimous as to which specific use of the wires alleged by the government was made in furtherance of an ongoing scheme or artifice to defraud. If you cannot agree unanimously on at least one use of the wires that was made in furtherance of an ongoing scheme or artifice to defraud, then you must find the defendants not guilty of Count Five and you should move on to the next count.[43]

---

[43]    *Silver*, 15-cr-93 (VEC), ECF No. 399 (Jury Instructions), at 21 (S.D.N.Y. May 10, 2018); *United States v. Seabrook*, Case No. 16-cr-467 (LJL), ECF No. 166 (Jury Charge), at 29 (S.D.N.Y. December 6, 2017).

<u>**PROPOSED JURY INSTRUCTION NO. 55**</u>

**COUNT FOUR: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD –**

**GENERAL INSTRUCTIONS**

Count Four charges both defendants with participating in a conspiracy to commit honest services wire fraud.  The relevant statute covering this charge is section 1349 of Title 18 of the United States Code.  That section states that "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  Section 1349 therefore includes a conspiracy to commit honest services wire fraud.

<u>Authority</u>:  18 U.S.C. § 1349.

<u>PROPOSED JURY INSTRUCTION NO. 56</u>

**COUNT FOUR: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD – CONSPIRACY GENERALLY AND ELEMENTS**

I previously instructed you on the meaning of a conspiracy generally with respect to Count One, and you should apply those same instructions here.

In order to find the defendants guilty of the conspiracy charged in Count Four, you must find that the government has proven beyond a reasonable doubt each of the following three elements of the crime:

<u>First</u>, that two or more persons entered into the unlawful agreement charged in Count Four of the Indictment;

<u>Second</u>, that the defendant you are considering agreed to commit honest services wire fraud, including a *quid pro quo*, as the object of the conspiracy; and

<u>Third</u>, that the defendant you are considering knowingly and willfully became a member of the alleged conspiracy.

I will discuss each in turn.

<u>Authority</u>:  *Benjamin*, 2022 WL 17417038, at *14 (S.D.N.Y. Dec. 5, 2022) (dismissing honest services wire fraud charge and related conspiracy charge based on indictment's failure to allege an explicit *quid pro quo* agreement as to either of the counts); *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 63 (E.D.N.Y. 2023) ("Although the government need only prove that the conspirators agreed to at least one of those *quid pro quos* as objects of the charged conspiracy [to commit honest services wire fraud], you must be unanimous as to the object of the conspiracy to find the first element satisfied.").

<u>PROPOSED JURY INSTRUCTION NO. 57</u>

**COUNT FOUR: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD –**

**FIRST ELEMENT: EXISTENCE OF THE CONSPIRACY**


I previously instructed you as to Count One on the requirement that the government must prove beyond a reasonable doubt that the conspiracy existed.  You should apply those instructions here, as well.

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 25-26 (S.D.N.Y. Oct. 22, 2021).

<u>PROPOSED JURY INSTRUCTION NO. 58</u>

**COUNT FOUR: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD –**

**SECOND ELEMENT: OBJECT OF THE CONSPIRACY**

I have instructed you as to Count One that the "object" of a conspiracy is the illegal goal that the co-conspirators agree or hope to achieve. You should apply those instructions here. In Count Four, the Indictment alleges that there was one object or goal of the alleged conspiracy: to commit honest services wire fraud. You must unanimously agree that this was the object of the alleged conspiracy in order to find that the government has met its burden as to the first element of Count Four.

The object of the conspiracy charged in Count Four is honest services wire fraud, in violation of sections 1343 and 1346 of Title 18 of the United States Code. Section 1343 provides that it shall be unlawful for anyone who:

> having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.

Section 1346 provides that the term "scheme or artifice to defraud," as used in section 1343, includes a scheme or artifice to deprive another of the intangible right of honest services.

The elements of honest services wire fraud are set out in the instructions for Count Five of the Indictment. In order to find that the defendants conspired to violate the honest services wire fraud statute, you must find that the government proved beyond a reasonable doubt that the defendants participated in a conspiracy to deprive the public and the DEA of their intangible right to the honest services of Special Agent Costanzo by agreeing that Special Agent Costanzo

would share nonpublic DEA information and assist Mr. Recio on cases involving charged defendants in exchange for bribes paid by Mr. Recio, and that the defendants transmitted and caused to be transmitted interstate email and telephonic communications in furtherance of their scheme to defraud.  You should refer to the instructions for Count Five when evaluating whether honest services wire fraud was an object of the alleged conspiracy for Count Four.

You need not find that bribes were actually paid to find the defendant you are considering guilty of conspiracy to commit honest services wire fraud.  However, the government must prove beyond a reasonable doubt that Special Agent Costanzo and Mr. Recio agreed to the *quid pro quo* charged in Count Five with corrupt intent.  I have already instructed you on the definitions of "quid pro quo" and "corrupt intent" and you should apply those definitions here.  I further instruct you that you must be unanimous as to the *quid pro quo* that was the object of the conspiracy to find that the government has proved this element beyond a reasonable doubt.

Authority:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 26-27 (S.D.N.Y. Oct. 22, 2021); *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157 (Jury Charge), at 34, 63 (E.D.N.Y. 2023) ("Although the government need only prove that the conspirators agreed to at least one of those *quid pro quos* as objects of the charged conspiracy [to commit honest services wire fraud], you must be unanimous as to the object of the conspiracy to find the first element satisfied.").

<u>PROPOSED JURY INSTRUCTION NO. 59</u>

**COUNT FOUR: CONSPIRACY TO COMMIT HONEST SERVICES WIRE FRAUD –**

**THIRD ELEMENT: MEMBERSHIP**

If you find that the government has proven beyond a reasonable doubt that the conspiracy charged in Count Four of the Indictment existed, and that Special Agent Costanzo and Mr. Recio entered into a *quid pro quo* agreement with corrupt intent, then you must consider the third element of the alleged crime.  I previously instructed you as to Count One on the requirement that the government must prove beyond a reasonable doubt that the defendants knowingly, willfully, and voluntarily became members of the alleged conspiracy with the intent of achieving its unlawful objective.  You should apply those instructions here.

To sum up with regard to Count Four, if you find that the elements of a conspiracy to commit honest services wire fraud have been proven beyond a reasonable doubt as to a particular defendant, then you must find that defendant guilty of that charge.  On the other hand, if you find that any element has not been proven as to the defendant you are considering, then you must find that defendant not guilty of that charge.

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 31-32 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 60

## VENUE

In addition to proving the essential elements of each crime beyond a reasonable doubt, the government must also establish what is called "venue"—that is, that some act in furtherance of each of the charged crimes occurred in the Southern District of New York.  The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

The government does not have to prove that the complete crime for any count was committed within the Southern District of New York or that the defendants themselves were ever in the Southern District of New York.  It is necessary to satisfy the venue requirement that an act in furtherance of the charged crimes occurred in this District.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the government is required to prove venue only by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that some act in furtherance of each of the charged crimes occurred in this District.

If you find that the government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count for each defendant.

Authority:  Adapted from *United States v. Percoco*, Case No. 16-cr-776 (VEC), ECF No. 516 (Final Jury Charge), at 38-39.

PROPOSED JURY INSTRUCTION NO. 61

**DEA POLICIES AND STANDARDS OF CONDUCT**

As I instructed you during the presentation of evidence, you have heard evidence

regarding certain DEA policies and standards of conduct that the government alleges are relevant

to this case.  I remind you, and you are instructed again, that it is not a federal crime for a DEA

agent to violate a DEA policy or DEA standard of conduct.  You should keep in mind that proof

that Special Agent Costanzo may have violated a DEA policy or standard of conduct does not

mean that he or Mr. Recio committed any offense charged in the Indictment.  You may not find

either defendant guilty merely because you believe that Special Agent Costanzo did not comply

with any of the DEA policies or standards of conduct introduced into evidence.  You may,

however, consider such evidence in evaluating whether Special Agent Costanzo violated an

official duty, as well as in evaluating Special Agent Costanzo's and Mr. Recio's state of mind

with respect to the charged offenses.  In addition, the government must prove beyond a

reasonable doubt—as one element of Section 201 bribery (Count Two and Count Three) and

honest services wire fraud (Count Five)—that Special Agent Costanzo violated one or more of

his official duties as a DEA agent.

Authority:  Adapted from *Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 66-67 (E.D.N.Y.
June 27, 2023); *United States v. Avenatti*, Case No. 19-cr-373 (PGG), ECF No. 261 (Jury
Instructions), at 32 (S.D.N.Y. Feb. 12, 2020); *United States v. Percoco*, Case No. 16-cr-776
(VEC), ECF No. 516 (Final Jury Charge), at 40.

<u>PROPOSED JURY INSTRUCTION NO. 62</u>

**CONCEALMENT/CONSCIOUSNESS OF GUILT EVIDENCE**


The government has introduced certain pieces of evidence that it alleges are relevant to the defendants' consciousness of guilt. I instruct you that consciousness of guilt is not an element of any of the charged crimes. However, you may consider such evidence to be relevant to the defendants' states of mind, and you should evaluate such evidence as you would any other piece of evidence. You may use such evidence to strengthen or undermine any inferences that are supplied by other pieces of evidence. However, I instruct you that you may not infer on the basis of such evidence alone that either defendant is in fact guilty of any of the charged crimes.

Evidence of a defendant's alleged consciousness of guilt is insufficient to prove that defendant's guilt where other evidence of guilt is weak and the overall evidence admitted at trial is as hospitable to an interpretation consistent with the defendant's innocence as it is to the government's theory of guilt. You may also consider other evidence introduced at trial to evaluate whether it supports or undermines the government's theory of the defendants' consciousness of guilt.

<u>Authority</u>: *United States v. Cassese*, 428 F.3d 92, 101 (2d Cir. 2005)("Furthermore, the District Court correctly held that although evidence of after-the-fact consciousness of guilt may have independent probative force, and may strengthen inferences supplied by other pieces of evidence, such evidence is 'insufficient proof on which to convict where other evidence of guilt is weak and the evidence before the court is as hospitable to an interpretation consistent with the defendant's innocence as it is to the Government's theory of guilt.'"); *United States v. Ogando*, 547 F.3d 101, 108-109 (2d Cir. 2008)("[w]hile false exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force, this Circuit . . . has held that falsehoods told by a defendant in the hope of extricating himself from suspicious circumstances are insufficient proof on which to convict" under the *Cassese* standard) (quoting *United States v. Johnson*, 513 F.2d 819, 824 (2d Cir. 1975)); *United States v. Tuzman*, Case No. 15-cr-536 (PGG), 2021 WL 1738530, at *36 (S.D.N.Y. May 3, 2021).

<u>PROPOSED JURY INSTRUCTION NO. 63</u>

**SPECIAL AGENT COSTANZO'S STANDARD FORM 86 [IF APPLICABLE]**

[You heard testimony regarding SF 86 questionnaire that Special Agent Costanzo completed in 2020.  Special Agent Costanzo has not been charged with any crime related to his SF 86 questionnaire.  You may not find Special Agent Costanzo guilty on any count merely because you believe he should have disclosed more or different information on that questionnaire.  If, however, you find that Special Agent Costanzo knowingly failed to disclose information that was required by the SF 86 questionnaire, you may consider that as evidence of Special Agent Costanzo's state of mind.  On the other hand, if you find that Special Agent Costanzo properly disclosed the information required by the questionnaire, then you may consider that as evidence of Special Agent Costanzo's good faith and intent to comply with the law.]

<u>Authority</u>:  Adapted from the jury charge given in *United States v. Silver*, Case No. 15-cr-93 (VEC), ECF No. 399, at 32.

## PROPOSED JURY INSTRUCTION NO. 64

### CONSCIOUSNESS OF INNOCENCE EVIDENCE

Just as the government has introduced certain evidence that it alleges is suggestive of the defendants' consciousness of guilt, the defense has introduced evidence that it alleges is suggestive of their consciousness of innocence, such as utterances asserting their innocence and conduct indicating a loyal state of mind. I instruct you that you may consider such evidence to be relevant to the defendants' states of mind, and that you should evaluate such evidence as you would any other piece of evidence. You may also use such evidence to strengthen or undermine any inferences that are supplied by other pieces of evidence in this case.

Authority: Adapted from the jury charge given in *United States v. Rodriguez*, 667 F.Supp.2d 223, 225-26 (D. Mass. 2009); *see also* J. Wigmore, Evidence §56.1, p. 1180 (Tillers rev. ed. 1983); *see United States v. Reifsteck*, 841 F.2d 701, 705 (CA6 1988).

## PROPOSED JURY INSTRUCTION NO. 65

### MOTIVE

Proof of motive is not a necessary element of the crimes with which the defendants are charged.  Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendants are not guilty.  If the guilt of any defendant is shown beyond a reasonable doubt, it is immaterial what that defendant's motive for the crime may be, or whether his motive was shown at all.  The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendants.

Authority:  Jury charge given in *United States v. Goldstein*, Case No. 21-cr-550 (DC), ECF No. 157, at 66 (E.D.N.Y. June 27, 2023).

## PROPOSED JURY INSTRUCTION NO. 66

### DEFENSE THEORY OF THE CASE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the defendants intend to request an instruction on their defense theory of the case. Defendants reserve the right to submit their requests at the close of trial. *See Mathews v. United States*, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor."); *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir. 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").

<u>PROPOSED JURY INSTRUCTION NO. 67</u>

**FINAL INSTRUCTIONS: DUTY TO DELIBERATE AND REACH A UNANIMOUS VERDICT**

You will now retire to decide the case.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of each defendant with respect to the charges in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

Your verdict must be unanimous.  This means that each and every one of you must agree upon your verdict.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to consult with one another and to deliberate with a view to reaching an agreement.  If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience.  But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your

good conscience appears to be in accordance with the truth.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present.  Four or five or ten jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans.  You are judges — judges of the facts. Your sole interest is impartially to assess the evidence to determine whether the Government has met its burden of proving guilt beyond a reasonable doubt as to each of the charges.

If you are divided, do <u>not</u> report how the vote stands.  Simply state that you are divided. If you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.  Simply inform me that you have reached a verdict.

<u>Authority</u>:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 51-52 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 68

## FINAL INSTRUCTIONS: RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

You are about to go into the jury room and begin your deliberations.  The exhibits that were received into evidence will be provided to you in the jury room.  In addition to paper copies of many exhibits, you will be provided with a laptop that contains certain exhibits that could not be presented in hard copy.  You will be given an exhibit list that will explain which exhibits can be accessed on the laptop.

If you want any of the testimony to review, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony — in fact any communications with the Court — should be made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk. In any event, do not tell me or anyone else how the jury stands on any issue until there is a unanimous verdict.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 52-53 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 69**

**FINAL INSTRUCTIONS: NOTES**


If you took notes during the trial, those notes are only an aid to recollection — they are not evidence, nor are they a substitute for your recollection of the evidence in the case.  Your notes are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is.  I emphasize that if you took notes, you should not show your notes to any other juror during your deliberations, they are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead you should rely upon your own recollection of the evidence.  The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 53 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 70

## FINAL INSTRUCTIONS: VERDICT FORM

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.  The verdict form does not represent either evidence or instructions on the law.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 53 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 71

## FINAL INSTRUCTIONS: DUTIES OF FOREPERSON


At the beginning of deliberations, you must choose a foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 53 (S.D.N.Y. Oct. 22, 2021).

## <u>PROPOSED JURY INSTRUCTION NO. 72</u>

### FINAL INSTRUCTIONS: RETURN OF VERDICT

After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

<u>Authority</u>: Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 54 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 73**

**FINAL INSTRUCTIONS: JURY OATH**


You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply your own common sense, you will reach a fair verdict here.  Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.


Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 54 (S.D.N.Y. Oct. 22, 2021).

**PROPOSED JURY INSTRUCTION NO. 74**

**FINAL INSTRUCTIONS: EXCEPTIONS**


Members of the jury, this concludes my instructions to you.  I will ask you to remain

seated while I confer with the attorneys to see if there are any additional instructions that they

would like to have me give to you or anything I may not have covered in my previous statement.


Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No.
245, at 54 (S.D.N.Y. Oct. 22, 2021).

## PROPOSED JURY INSTRUCTION NO. 75

## FINAL INSTRUCTIONS: CONCLUSION


Before you retire into the jury room I must inform you that the law provides for a jury of twelve people in this case.  Therefore, two people — jurors number 13 and 14 — are alternates. You will be allowed to leave the courthouse during deliberations, but you are not yet excused as jurors in the case.  In the event that one of the non-alternate jurors can no longer deliberate, you will be recalled to continue your service, so I am releasing you for now but I am not excusing you from jury service yet.  For now, though, you may leave.  You have been very attentive and very patient.  I am sorry that you will in all likelihood miss the experience of deliberating with the jury but the law provides for a jury of twelve people in this case.  Before the rest of the jury retires to the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days.  If you would like to be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at which you can be reached.

(Alternates released)

Members of the jury, you may now retire.

(Marshal sworn)


Authority:  Jury charge given in *United States v. Parnas*, Case No. 19-cr-725 (JPO), ECF No. 245, at 54-55 (S.D.N.Y. Oct. 22, 2021).

Respectfully submitted,

MUKASEY FRENCHMAN LLP

By:     /s/ Michael Westfal

Marc L. Mukasey
Torrey K. Young
Stephanie Guaba
Michael Westfal
570 Lexington Avenue, Suite 3500
New York, NY 10022
Tel: (212) 466-6400

*Counsel for John Costanzo, Jr.*

GAINOR & DONNER
3250 Mary Street, Suite 405
Miami, Florida
Tel: (305) 537-2000
gainorlaw@gmail.com

*Counsel for Manuel Recio*