

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 5, 2023

**BY ECF & EMAIL**
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. John Costanzo Jr. and Manuel Recio*, 22 Cr. 281 (JPO)

Dear Judge Oetken:

      The defendants have identified Edwin Pagan III as a defense witness. He is represented by Christopher DeCoste. This morning at approximately 9:00 a.m., defense counsel informed the Government that they intend to call Pagan in the defense case tomorrow. The Government writes to respectfully request that, prior to Pagan's testimony, the Court allocute Pagan outside the presence of the jury to confirm that he is knowingly and voluntarily waiving his Fifth Amendment privilege against self-incrimination.

      The Court has already determined there is probable cause to treat Pagan as a co-conspirator, *see* FPTC Tr. at 47:19-24, and substantial evidence implicating Pagan has been admitted at trial, *see, e.g.*, GX 700 and 701 (and source exhibits). Additionally, Pagan previously asserted his Fifth Amendment privilege when served with a grand jury subpoena in 2021.

      Pagan may not pick and choose which questions to answer under oath. To be sure, selective invocations are sometimes permissible. *See, e.g.*, *United States v. Spinelli*, 551 F.3d 159, 166-67 (2d Cir. 2008) ("By taking the witness stand in his defense, a defendant does not give up his right under the Fifth Amendment to refuse to answer *all* questions."). But "[i]t is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell v. United States*, 526 U.S. 314, 321 (1999). So if Pagan testifies, he "may not pick and choose what aspects of a subject to discuss." *Spinelli*, 551 F.3d at 167 (otherwise witness "would be able to distort the facts"). If Pagan testifies for the defense but then invokes his Fifth Amendment privilege during the Government's cross-examination, the Court may need to strike Pagan's testimony. *See, e.g.*, *United States v. Frank*, 520 F.2d 1287, 1292 (2d Cir. 1975) (proper to strike testimony of defense witness who invoked privilege against self-incrimination on cross-examination; "In this situation the Government is surely entitled to the protection of the same rule against admissibility of non-collateral testimony not subject to cross-examination as is a defendant"); *accord, e.g.*, *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 640 (9th Cir. 2012) ("We have long held that a district court may strike the testimony of a witness in a criminal proceeding to avoid a witness's improper use of the Fifth Amendment privilege against self-incrimination as a sword as well as a shield.").

In advance of his testimony, outside of the presence of the jury, the Court should confirm that Pagan understands his Fifth Amendment privilege. The Court has the discretion to make that clear to him. *See United States v. Valdez*, 16 F.3d 1324, 1331 (2d Cir. 1994) ("[A] district court certainly has the discretion to ensure that a witness in danger of unwittingly incriminating himself is aware of his constitutional privilege."). The Second Circuit has cautioned that the exercise of that discretion should be "carefully tailored to ensure that warnings do not become threats." *Id.* Here, the Government proposes that the Court confirm, prior to any testimony and outside of the presence of the jury, that Pagan understands that he has a Fifth Amendment right not to give testimony that could tend to incriminate him, and that he wishes to knowingly and voluntarily waive that privilege. A proposed allocution is attached as Exhibit A. Such an allocution would be appropriately tailored and would not be threatening to Pagan, but would confirm that he understands and has been accurately advised about his rights before deciding whether to testify. *See United States v. Garza-Gonzalez*, 512 F. App'x 60, 64 (2d Cir. 2013) (affirming district court's warning on this subject to two witnesses where the comments were "appropriately tailored, and nothing about them was even remotely threatening"); *United States v. Ash*, No. 19 Cr. 780 (LAK) (S.D.N.Y. Dec. 8, 2021), Trial Tr. 789 (confirming witness's understanding of Fifth Amendment rights prior to testimony).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

        By: \_\_\_/s/_____
        Mathew Andrews
        Emily Deininger
        Sheb Swett
        Assistant United States Attorneys
        (212) 637-6526/-2472/-6522

Cc: All Counsel of Record.
    Christopher DeCoste, Esq.

# Exhibit A

**PROPOSED ALLOCUTION**

Detective Pagan, before you testify, I am going to advise you of the following.

You have the right, under the Fifth Amendment to the United States constitution, not to give any testimony if you have a well-founded fear that the testimony may tend to incriminate you of a crime, whether a federal crime or a state crime. Do you understand that?

Of course, it is your decision and your decision alone whether to testify. I am not in any way suggesting that you should or should not testify. I simply want to make sure that you fully understand your rights, and that you have had a chance to discuss them with your attorney. Do you understand? Do you wish further time to speak with your attorney?

Do you wish to knowingly and voluntarily waive your right not to incriminate yourself and to testify in this matter?

Have you discussed with your attorney your decision to knowingly and voluntarily waive your right not to incriminate yourself and to testify in this matter?

Are you satisfied with the representation your attorney has provided in this matter?