UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-                                              22-CR-281 (JPO)

JOHN COSTANZO, JR. and                           ORDER
MANUEL RECIO,
                        Defendants.

J. PAUL OETKEN, District Judge:

      Attached to this order is the revised draft jury charge sent by email to the parties on

November 5, 2023, at 7:30 p.m.

      SO ORDERED.

Dated:  November 6, 2023
        New York, New York

                                          _____
                                              J. PAUL OETKEN
                                          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

JOHN COSTANZO, JR. and
MANUEL RECIO,

                        Defendants.

22 Cr. 281 (JPO)

**JURY CHARGE**

**Table of Contents**

INTRODUCTORY INSTRUCTIONS ............................................................................................................... 4
A.    Introductory Remarks and Role of the Court ................................................................... 4
B.    Role of the Jury .................................................................................................................. 5
C.    Role of Counsel .................................................................................................................. 5
D.       Consider Each Defendant Separately .......................................................................... 6
E.    All Persons Are Equal before the Law .............................................................................. 6
F.    Presumption of Innocence ................................................................................................. 7
G.    Proof Beyond a Reasonable Doubt .................................................................................... 8
H.    Do Not Be Swayed by Sympathy or Prejudice ................................................................ 9
I.    What Is and Is Not Evidence ........................................................................................... 10
1.       Stricken or Excluded Testimony Is Not Evidence ................................................... 10
2.       Exhibits Not Received into Evidence Are Not Evidence ......................................... 10
3.       Redactions Are Not Evidence .................................................................................... 10
4.       Arguments by Lawyers Are Not Evidence ............................................................... 10
5.       Statements of the Court Are Not Evidence .............................................................. 11
J.    Direct and Circumstantial Evidence ............................................................................... 11
K.    Stipulations ...................................................................................................................... 12
L.    Translations and Transcripts .......................................................................................... 13
M.    Charts and Summaries .................................................................................................... 13
N.    Witness Credibility .......................................................................................................... 14
O.    [Defendants' Testimony] [Defendants' Right Not to Testify] ....................................... 15
P.    Law Enforcement and Government Employee Witnesses .............................................. 15
Q.       Government Cooperating Witnesses .......................................................................... 16
R.       Testimony of Experts ................................................................................................. 18
S.    Bias of Witnesses ............................................................................................................. 18
T.    Persons Not on Trial ........................................................................................................ 19
U.    Preparation of Witnesses ................................................................................................ 20
V.    Uncalled Witnesses .......................................................................................................... 20
W.    Particular Investigative Techniques Not Required ....................................................... 20
X.    Use of Evidence Obtained Pursuant to Searches .......................................................... 21
Y.       Use of Recordings ...................................................................................................... 21
Z.       Statements of Defendants .......................................................................................... 22
AA.      Excerpts ...................................................................................................................... 22
SUBSTANTIVE INSTRUCTIONS ............................................................................................................. 23
A.    Meaning and Summary of the Indictment ...................................................................... 23
B.    Count Two: Receipt of a Bribe as a Public Official ........................................................ 24
C.    Count Two: Receipt of a Bribe as a Public Official (Elements of the Offense) ............. 25
D.    Count Two: Receipt of a Bribe as a Public Official (First Element – Public Official) ....................... 25
E.    Count Two: Receipt of a Bribe as a Public Official (Second Element – Receiving or Seeking a Thing
      of Value) ......................................................................................................................... 26

F.   Count Two: Receipt of a Bribe as a Public Official (Third Element – In Return for Violation of Official Duty)......................................................................................................................26
G.   Count Two: Receipt of a Bribe as a Public Official (Fourth Element – Corrupt Intent) ...................27
H.   Count Three: Payment of a Bribe to a Public Official .........................................................................28
I.   Count Three: Payment of a Bribe as a Public Official (Elements of the Offense) .............................28
J.   Count Three: Payment of a Bribe to a Public Official (First Element – Offering or Giving a Thing of Value) ..................................................................................................................................................28
K.   Count Three: Payment of a Bribe as a Public Official (Second Element – Public Official) .............29
L.   Count Three: Payment of a Bribe as a Public Official (Third Element – Corrupt Intent to Induce an Act in Violation of Lawful Duty) .........................................................................................................29
M.   Count One: Conspiracy to Bribe a Public Official (General Conspiracy Instructions) .....................30
N.   Count One: Conspiracy to Bribe a Public Official (Elements) ...........................................................31
O.   Count One: Conspiracy to Bribe a Public Official (First Element – Existence of the Conspiracy) ...32
P.   Count One: Conspiracy to Bribe a Public Official (First Element – Objectives of the Conspiracy)..34
Q.   Count One: Conspiracy to Bribe a Public Official (Second Element – Membership in the Conspiracy)............................................................................................................................................35
R.   Count One: Conspiracy to Bribe a Public Official (Third Element – Overt Act)...............................38
S.   Count One: Conspiracy to Bribe a Public Official (Liability for Acts and Declarations of Co-Conspirators)........................................................................................................................................39
T.   Count Five: Honest Services Wire Fraud ............................................................................................40
U.   Count Five: Honest Services Wire Fraud (Elements)..........................................................................41
V.   Count Five: Honest Services Wire Fraud (First Element – Existence of Scheme or Artifice)...........41
W.   Count Five: Honest Services Wire Fraud (Second Element – Intent to Defraud) ..............................43
X.   Count Five: Honest Services Wire Fraud (Third Element – Intent to Defraud) .................................44
Y.   Count Five: Honest Services Wire Fraud (Fourth Element – Use of Interstate Wires).....................45
Z.   Count Four: Conspiracy to Commit Honest Services Wire Fraud.......................................................46
AA. Counts Two, Three and Five: Aiding and Abetting Liability ..............................................................47
BB. Good Faith ............................................................................................................................................49
CC. DEA Policies and Standards of Conduct .............................................................................................50
DD. Motive ...................................................................................................................................................50
EE. False Exculpatory Statements and Consciousness of Guilt Evidence .................................................50
FF. Costanzo's Standard Form 86 ..............................................................................................................51
GG. Venue ....................................................................................................................................................51
HH. Variance in Dates .................................................................................................................................53
FINAL INSTRUCTIONS.....................................................................................................................................53
A.   Duty to Deliberate and Reach a Unanimous Verdict...........................................................................53
B.   Right to See Exhibits and Hear Testimony; Communications with Court ..........................................54
C.   Notes .....................................................................................................................................................55
D.   Verdict Form .........................................................................................................................................55
E.   Duties of Foreperson.............................................................................................................................56
F.   Return of Verdict ..................................................................................................................................56
G.   Jury Oath...............................................................................................................................................56
H.   Alternates ..............................................................................................................................................56

**INTRODUCTORY INSTRUCTIONS**

## A.  Introductory Remarks and Role of the Court

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties.  We have reached the point where you are about to undertake your final function as jurors.  You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

My duty at this point is to instruct you as to the law.  There are three parts to these instructions.  First, I'm going to give you some general instructions about your role and about how you are to decide the facts of the case.  These instructions really would apply to just about any trial.  Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.  You must not substitute your own notions or opinions of what the law is or ought to be.

Listening to these instructions may not be easy.  It is important, however, that you listen carefully and concentrate.  I ask you for patient cooperation and attention.  You'll notice that I'm reading these instructions from a prepared text.  It would be more lively, no doubt, if I just improvised.  But it's important that I not do that.  The law is made up of words, and those words are very carefully chosen.  So it's critical that I use exactly the right words.

You'll have copies of what I'm reading in the jury room to consult, so don't worry if you

4

miss a word or two.  But for now, listen carefully and try to concentrate on what I'm saying.

Remember, you are to consider these instructions together as a whole; you are not to isolate or give

undue weight to any single instruction.

## B.  Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts.  You pass on the

evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may

be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as

you have determined them, and you determine the weight of the evidence.

Do not conclude from any of my questions or any of my rulings on objections or anything

else that I have done during this trial that I have any view as to the credibility of the witnesses or

how you should decide the case.  Any opinion I might have regarding the facts is of absolutely no

consequence.  It is *your* sworn duty, and you have taken the oath as jurors, to determine the facts.

## C.  Role of Counsel

Just as I have my duties as a judge and you have your duties as jurors, it has been the duty

of each attorney in this case to object when the other side offered testimony or other evidence that

the attorney believed is not properly admissible.  It has been my job to rule on those objections.

Therefore, why an objection was made or how I ruled on it is not your business.  You should draw

no inference from the bare fact that an attorney objects to any evidence.  Nor should you draw any

inference from the fact that I might have sustained or overruled an objection.

From time to time, the lawyers and I had conferences outside of your hearing.  These

conferences involved procedural and other matters, and none of the events relating to these

conferences should enter into your deliberations at all.

To be clear, the personalities and the conduct of counsel in the courtroom are not in any

way at issue.  If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberations.

## D.  Consider Each Defendant Separately

Defendants John Costanzo, Jr. and Manuel Recio are on trial together.  In reaching a verdict, however, you must bear in mind that innocence or guilt is individual.  Your verdict must be determined separately with respect to each defendant, solely on the evidence, or lack of evidence, presented against him, without regard to the guilt or innocence of the other defendant.

In this regard, you must be careful not to find either defendant guilty merely by reason of relationship or association with other persons.  The fact that one person may be guilty of an offense does not mean that his friends, relatives, or associates were also involved in the crime.  You may, of course, consider those associations as part of the evidence in the case, and may draw whatever inferences are reasonable from the fact of the associations taken together with all of the other evidence in the case.  But you may not draw the inference of guilt merely because of such associations.  In short, for each defendant, the question of guilt or innocence as to each count of the indictment must be individually considered and individually answered, and you may not find an individual defendant guilty unless the evidence proves his guilt beyond a reasonable doubt.

## E.  All Persons Are Equal before the Law

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the government is a party and the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party.  By the same token, you must give it no less deference.  The government and the defendants stand on equal footing before you.  It would be

6

improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about either defendant's race, religion, national origin, gender, sexual orientation, or age. All persons are entitled to the same presumption of innocence, and the government has the same burden of proof with respect to all persons. Similarly, it would be improper for you to consider any personal feelings you have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case. The defendants are entitled to a trial free from prejudice, and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

**F. Presumption of Innocence**

Now I will instruct you on the presumption of innocence. The law presumes the defendants to be innocent of all charges against them. In this case, each of the defendants before you has pleaded not guilty. In so doing, each defendant has denied the charges in the Indictment. Thus, the government has the burden of proving each defendant's guilt beyond a reasonable doubt.

This burden never shifts to the defendants. In other words, neither defendant has to prove his innocence. They are presumed to be innocent of the charges contained in the Indictment. The defendants thus began the trial here with a clean slate. The presumption of innocence was in their favor when the trial began, continued in their favor throughout the entire trial, remains with them even as I speak to you now, and persists in their favor during the course of your deliberations in the jury room.

This presumption of innocence is removed if and only if, as members of the jury, you are unanimously convinced that the prosecution has sustained its burden of proving each defendant

guilty beyond a reasonable doubt.

## G.  Proof Beyond a Reasonable Doubt

Now, the question naturally arises: what, exactly, is a reasonable doubt?  The words almost define themselves.  A reasonable doubt is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case, the conflict in evidence, or the lack of evidence.  Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, your common sense.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

I must emphasize that beyond a *reasonable* doubt does not mean beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty.  In the criminal law, guilt must be established beyond a *reasonable* doubt, not all *possible* doubt.

Further, the government is not required to prove each element of the offense by any particular number of witnesses.  The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offense—if you believe that the witness has testified truthfully and accurately related what he has told you.

That all said, if, after a fair and impartial consideration of all the evidence (or the lack of evidence), you have an abiding belief of the guilt of the defendant you are considering beyond a reasonable doubt—a belief that you would be willing to act upon without hesitation in the most important matters in the personal affairs of your own life—then it is your sworn duty to convict that defendant.

On the other hand, if after a fair and impartial consideration of all the evidence (and the lack

of evidence), you are not satisfied of the guilt of a defendant with respect to the charge in the Indictment; if you do not have an abiding conviction of a defendant's guilt; in sum, if you have such a doubt as would cause you, as prudent persons, to hesitate before acting in matters of the most importance to yourselves—then you have a reasonable doubt, and in that circumstance it is your sworn duty to return a verdict of not guilty as to that defendant.

**H.  Do Not Be Swayed by Sympathy or Prejudice**

In reaching that determination, your oath as jurors commands that you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case and you are to apply the law as I instruct you.  As you sift through the evidence, you must ask yourselves whether the prosecution has proven the guilt of the defendant you are considering.  Once you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.  Thus, if you have a reasonable doubt as to a defendant's guilt, then you must render a verdict of not guilty as to that defendant.  But if you should find that the prosecution has met its burden of proving the defendant's guilt beyond a reasonable doubt, then you should not hesitate because of sympathy, or for any other reason, to render a verdict of guilty.

The question of possible punishment is of no concern to the jury and should not enter into or influence your deliberations.  The duty of imposing sentence in the event of a conviction rests exclusively upon the Court.  Your function is to weigh the evidence or the lack of evidence in the case and to determine whether or not each defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow any consideration of the punishment that may be imposed to influence your verdict.

Similarly, it would be improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  Your verdict must be

based exclusively upon the evidence or the lack of evidence in the case.

## I.   What Is and Is Not Evidence

Now, I have repeatedly referred to the evidence in this case.  This raises an important question: what is evidence?  I instruct you that evidence consists of the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations of the parties.  In determining the facts, you must rely upon your own recollection of the evidence.

What, then, is *not* evidence?  I instruct you that the following does not count as evidence:

### 1.   Stricken or Excluded Testimony Is Not Evidence

*First*, testimony that I have stricken or excluded is not evidence.  You may not use it in rendering your verdict.  If certain testimony was received for a limited purpose, you must follow the limiting instructions I have given, and use the evidence only for the limited purpose I indicated.

### 2.   Exhibits Not Received into Evidence Are Not Evidence

*Second*, any exhibit that was not received into evidence is not evidence.  Thus, exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

### 3.   Redactions Are Not Evidence

*Third*, among the exhibits received in evidence there may have been some documents and recordings that are redacted.  Redacted means that part of the document or recording was taken out. You are to concern yourself only with the item admitted into evidence. You should not consider any possible reason why the other part has been redacted.

### 4.   Arguments by Lawyers Are Not Evidence

*Fourth*, arguments by the lawyers are not evidence.  The reason is simple: advocates are not witnesses.  The opening and closing arguments of each party explain how that party wants you to

analyze the evidence.  What the lawyers have said to you is intended to help you understand the evidence—or the lack of evidence—as you deliberate to reach your verdict.  However, if your recollection of the facts differs from the lawyers' opening statements, questions to witnesses, or summations, it is *your* recollection that controls, not theirs.  For the same reasons, you are not to consider a lawyer's or a party's questions as evidence.  Only the witnesses' answers are to be considered evidence, not the questions.

### 5.  Statements of the Court Are Not Evidence

*Finally*, any statements that I may have made do not constitute evidence.  It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

I will now discuss at slightly greater length some important matters related to evidence.

## J.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly consider in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence is testimony by a witness about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather.

The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly, by proof of other facts.  There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors.  Assume that the courtroom shades were drawn and that you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella

11

that was dripping wet and then, a few moments later, somebody else walked in with a raincoat that was dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience, and common sense from one fact that's established the existence or the nonexistence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

Many material facts, such as someone's state of mind, are rarely easily proven by direct evidence. Usually such facts are established by circumstantial evidence and the reasonable inferences that you draw. Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting a defendant, the jury must be satisfied that the government has proven a defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

There are times when different inferences may be drawn from the evidence. The government asks you to draw one set of inferences. The defendants ask you to draw another. It is for you, and for you alone, to decide what inferences you will draw.

**K. Stipulations**

You have heard evidence in the form of stipulations. A stipulation of testimony is an

agreement between the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to decide what effect that testimony should be given.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.  However, it is for you to decide what weight, if any, to give to those facts.

**L.  Translations and Transcripts**

You have seen transcripts of some of the recordings that were admitted into evidence.  Portions of the communications and recordings were in Spanish.  With respect to foreign language conversations, the Court has admitted English language translations of those Spanish communications and recordings into evidence.  The written English translations are evidence. You must accept the translations contained in the transcript as evidence and that's part of the evidence before you.  You must disregard any different meaning.   If you speak Spanish, you may not substitute your own translation for that which has been agreed upon by the parties.  With respect to English language recordings that were transcribed, the parties have stipulated that these transcripts are true and accurate transcripts of the corresponding audio recordings.

**M. Charts and Summaries**

During the course of trial, there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted into evidence as aids to you.

In understanding the evidence you have heard, it is sometimes easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is for you to

decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  To the extent that the charts conform to what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

**N.     Witness Credibility**

You have had the opportunity to observe the witnesses.  It will now be your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

To that end, I am going to give you a few general instructions on how you may determine whether witnesses are credible and reliable, whether witnesses told the truth at this trial, and whether they knew what they were talking about.

First, consider how well the witness was able to observe or hear what he or she testified about.  How did the witness's testimony impress you?  Did the witness appear to be testifying honestly and candidly?  Did the witness appear knowledgeable about what he or she was testifying about?  Were the witness's answers direct or were they evasive?  Consider the witness's intelligence, demeanor, manner of testifying, and the strength and accuracy of the witness's recollection.  Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony.  How does the witness's testimony compare with other proof in the case?  Is it corroborated or is it contradicted by other evidence?  If there is a conflict, does any version appear reliable, and if so, which version seems more reliable?

In passing upon the credibility of a witness, you may also consider any inconsistencies or

contradictions as to material matters in his or her testimony.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

It is for you, the jury, and you alone to decide the credibility of witnesses who testified and the weight that their testimony deserves.

**O.  [Defendants' Testimony] [Defendants' Right Not to Testify]**

[A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and each defendant is presumed innocent.  In this case, the defendants did testify and they were subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness.[

[The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or present evidence, because it is the government's burden to prove a defendant's guilt beyond a reasonable doubt.  That burden remains with the government throughout the trial and never shifts to the defendants.  A defendant is never required to prove that he or she is innocent.  You may not attach any significance to the fact that the defendants did not testify.  You may not draw any inference against the defendants because they did not take the witness stand.  You may not speculate as to why they did not testify, and you may not consider this against either defendant in any way in your deliberations.]

**P.  Law Enforcement and Government Employee Witnesses**

You have heard testimony from employees of the government. The fact that a witness may

be employed by the federal government as a law enforcement official or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel may attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or government employee witness and to give to that testimony the weight you find it deserves.

**Q. Government Cooperating Witnesses**

You have heard testimony from one witness, Jorge Luis Hernandez Villazon, who was cooperating with the government.  Hernandez pleaded guilty to certain crimes and entered into a cooperation agreement with the government.  I will refer to this witness as a "cooperating witness" because he was cooperating with the government.  The law allows the use of his testimony, which is properly considered by the jury.  Like the testimony of any other witness, a cooperating witness's testimony should be given such weight as it deserves in light of all the facts and circumstances.  I have given you some general considerations on credibility, and I am not going to repeat those here, nor will I repeat the arguments that have been made by both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

Cooperating witness testimony is of such a nature that it should be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe. The fact that a witness is a cooperating witness should be considered by you in evaluating his

testimony.  The weight to be given to the fact of the witness's cooperation is up to you.  However, it does not follow that, simply because a person has admitted participation in one or more prior crimes, he is incapable of giving a truthful version of what happened.  You should, of course, consider whether the testimony was motivated by reward or self-interest or hostility to the defendants.  You should ask yourself whether the cooperating witness would benefit more by lying or by telling the truth.  Was his testimony made up in any way based on a belief that false testimony would somehow result favorable treatment?  Or did he believe that his interests would best be served by testifying truthfully?  If you believe a witness was motivated by personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  And did this motivation color the witness's testimony?

Obviously, you should reject the testimony if you find it was false.  However, if after a cautious and careful examination of the testimony and the witness's demeanor, you are satisfied that the testimony is true, you should accept it as credible and act on it accordingly.  You may also accept parts and reject parts of a cooperating witness's, or of any witness's, testimony as I have earlier explained.

You have heard testimony and arguments regarding an agreement between the government and Hernandez.  It is of no concern of yours why the government has made an agreement with a witness.  Your sole concern is to decide whether the witness has given truthful testimony in this Court before you.  Further, you are to draw no conclusions or inferences about the defendants from the fact that a witness pleaded guilty and entered into an agreement with the government.  The fact that a witness decided to plead guilty to certain charges arising from his conduct is a personal decision, and you may not consider the fact that a witness decided to plead

17

guilty against either of the defendants.

In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to the testimony of the cooperating witness.

## R. Testimony of Experts

One witness, Inspector Steven Miller from the DEA's Office of Professional Responsibility, was allowed to present testimony as an "expert" regarding DEA policies and standards of conduct. An expert is someone who by experience or education has acquired learning or experience in a specialized area of knowledge. Such a witness is permitted to give his opinions as to relevant matters in which he professes to be expert and his reasons for those opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient experience or education or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find that the opinion of an expert is based on sufficient data, experience, and education, and the other evidence does not give you reason to doubt the expert's conclusions, you would be justified in placing great reliance on his testimony.

## S. Bias of Witnesses

In deciding whether to believe a witness, you should specifically note any evidence of

hostility or affection that the witnesses may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and by applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

**T.  Persons Not on Trial**

Some of the people who may have been involved in the events leading to this trial are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together, in the same proceeding.

You may not draw any inference, favorable or unfavorable, towards the government or the defendants from the fact that certain persons other than the defendants were not named as defendants in the Indictment.  Nor may you speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as

jurors.

**U.      Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**V.  Uncalled Witnesses**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  Each party had an opportunity to call witnesses.  You should not speculate as to what these people would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden remains with the government to prove the guilt of each defendant beyond a reasonable doubt.

**W. Particular Investigative Techniques Not Required**

You may have heard reference, in the arguments and cross-examination of defense counsel

in this case, to the fact that certain investigative techniques were or were not used by the government.  There is no legal requirement, however, that the government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The government is not on trial.  Law enforcement techniques are not your concern.  However, you are free to consider a lack of evidence in your determination of whether the government proved the charged crimes beyond a reasonable doubt.  Your concern is to determine whether, on the evidence or lack of evidence, the government has proven the defendant's guilt beyond a reasonable doubt.

## X.  Use of Evidence Obtained Pursuant to Searches

You have heard testimony about certain evidence that was seized in searches of certain places and electronic devices.  Evidence obtained from those searches was properly admitted in this case and may be considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations because I now instruct you that the government's use of this evidence is lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in this case in determining whether the government has proven the guilt of  the defendant you are considering beyond a reasonable doubt.

## Y.  Use of Recordings

Audio recordings of certain meetings and phone conversations have been admitted into evidence. Whether you approve or disapprove of the recording or interception of those conversations may not enter your deliberations.  I instruct you that these recordings were made in

a lawful manner.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proved beyond a reasonable doubt the guilt of each defendant.

## Z.  Statements of Defendants

There has been evidence that the defendants made certain statements relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case and may be properly considered by you.  You are to give the statements such weight as you find they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated, and the government's use of this evidence is lawful.

In this case, some of the defendants' statements were audio recorded, and some were not. To help your listening, transcripts have been prepared.  The parties have stipulated that the transcripts are true and accurate transcripts of the corresponding audio files you have heard, and that the dates, times, phone numbers, and voice attributions on these transcripts are accurate.

## AA.   Excerpts

Some of the exhibits admitted into evidence consist of excerpts of longer documents that were not admitted into evidence in their entirety.  These excerpts are the portions of the underlying documents considered to be most relevant to the case by the party introducing them. There is nothing unusual or improper about the use of such excerpts, and you are not to speculate

from the use of such excerpts that any relevant portion of a document has been omitted.

**Now I am going to turn to the substantive instructions.**

SUBSTANTIVE INSTRUCTIONS

**A.  Meaning and Summary of the Indictment**

I will now turn to the charges against the defendants as contained in the Indictment.  The

defendants, John Costanzo, Jr. and Manuel Recio, are formally charged in a five-count Indictment.

As I instructed you at the outset of this case, the Indictment is a charge or accusation. It is not

evidence.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize

the offense charged in the Indictment and then explain in detail the elements of that offense.

The Indictment contains a total of five counts, or charges.

Count One charges that Costanzo and Recio participated in a conspiracy to bribe a public

official from in or about October 2018 up to and including in or about November 2019.  As I will

explain in more detail later, a conspiracy, such as the one charged in Count One, is an agreement or

understanding by two or more people to violate the law.

Count Two charges that from in or about October 2018 up to and including in or about

November 2019, Costanzo accepted a bribe as a public official.  This is what is called a substantive

count.

Count Three charges that from in or about October 2018 up to and including in or about

November 2019, Recio paid a bribe to a public official.  This is also a substantive count.

Later on, I will explain to you the differences between a conspiracy count and a substantive

count.  For now, just keep in mind that a conspiracy count is different from a substantive count.

Count One charges the defendants with conspiring, or agreeing, to bribe a public official, whereas

Counts Two and Three charge the defendants with substantive counts of bribery, that is, the actual

commission of the substantive crimes of receiving a bribe as a public official and paying a bribe to a public official.

Count Four charges that from in or about October 2018 up to and including in or about November 2019, Costanzo and Recio participated in a conspiracy to commit honest services wire fraud.

Count Five charges that from in or about October 2018 up to and including in or about November 2019, Costanzo and Recio committed honest services wire fraud.

In a moment, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that you must consider each individual charge separately, and each defendant separately, and evaluate each on the proof or lack of proof that relates to that charge with respect to each defendant.  As you have seen, each count charges at least one defendant with a crime, but both defendants are not charged in every count.  You must consider each count and each defendant separately, and you must return a separate verdict for each defendant on each count in which he is charged.  I also instruct you that the defendants are not charged with committing any crime other than the offenses contained in the Indictment.

The fact that you may think certain conduct is unethical or morally wrong is of no consequence in this case.  Laws enacted by Congress define the crimes charged in this case, and I will talk to you about these laws.  Conduct is only a crime if it is defined as such by a law.

## B.  Count Two: Receipt of a Bribe as a Public Official

I will now instruct you on the substantive charges of accepting a bribe as a public official and payment of a bribe to a public official.  These are listed in the Indictment as Counts Two and Three, but it is more convenient to discuss them first.

Count Two charges Costanzo with accepting a bribe as a public official, in violation of

24

Title 18, United States Code, Section 201(b)(2)(C).  Note that Count Two charges only

Costanzo, not Recio.  Count Two alleges that between in or about October 2018 through at least

November 2019, Costanzo, a DEA employee and supervisor, received benefits from Recio, in

exchange for Costanzo sharing nonpublic DEA information, in violation of Costanzo's official

duty as a DEA agent.

The law provides:

"Whoever, being a public official . . . , directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for . . . being induced to do or omit to do any act in violation of the official duty of such official [is guilty of a crime]."

## C.  Count Two: Receipt of a Bribe as a Public Official (Elements of the Offense)

To find Costanzo guilty of Count Two, you must find that the government has proven each

of the following elements beyond a reasonable doubt:

*First*, that on or about the dates set forth in the Indictment, Costanzo was a public official;

*Second*, that Costanzo received, accepted, or agreed to receive or accept, a thing of value;

*Third*, that Costanzo did so in return for being induced to perform an act, or not to perform

an act, in violation of his official duties; and

*Fourth*, that Costanzo did so with corrupt intent.

## D.  Count Two: Receipt of a Bribe as a Public Official (First Element – Public Official)

Now I will discuss separately each of the elements of the bribery charge.  As I just

mentioned, the first element of accepting a bribe that the government must prove beyond a

reasonable doubt is that Costanzo was a public official when he sought or received the thing of

value.

The term "public official" means an officer or employee or person acting for or on behalf

of the United States government—or any department, agency, or branch of government thereof—in any official function, under or by the authority of the United States government.

## E.  Count Two: Receipt of a Bribe as a Public Official (Second Element – Receiving or Seeking a Thing of Value)

The second element of accepting a bribe that the government must prove beyond a reasonable doubt is that Costanzo received, accepted, or agreed to receive or accept, a thing of value, directly or indirectly.

The law makes no distinction between agreeing to receive or receiving a bribe.  An agreement to receive a bribe is as much a violation of the law as the actual receiving of one.

Furthermore, under the law, you need not find that Costanzo received or accepted the thing of value directly.  It is sufficient if he did so indirectly, that is, through another person.


## F.  Count Two: Receipt of a Bribe as a Public Official (Third Element – In Return for Violation of Official Duty)

The third element of accepting a bribe that the government must prove beyond a reasonable doubt is that Costanzo's receipt or acceptance of a thing of value was in return for being induced to perform, or not to perform, an act in violation of his official duty.

The core of a bribery offense is something called a *quid pro quo*, which is a Latin phrase meaning "this for that."  The government must prove beyond a reasonable doubt that Costanzo received or accepted something of value, at least in part, in return for—and with the intention of—being induced in the performance of his official duties.

"Official duties" are not limited to those duties imposed upon a public official by law or statute.  Official duties can include duties that are imposed by written rules or regulations of the

governmental unit under whose authority the public official is acting.

The agreement to perform or not perform an act in violation official duties need not be explicit.  Rather, the *quid pro quo* arrangement can be implied from words and actions, so long as you find that Costanzo understood that the thing of value was being provided in exchange for the promise or performance of an act (or nonperformance of an act) in violation of his official duties.  It is not necessary for the government to show that Costanzo promised to undertake or omit any specific act as part of the exchange, just that Costanzo promised to perform or omit *some* act in the future, with respect to a particular question or matter, in violation of his official duties.

In considering this element, what matters is Costanzo's intent to receive a bribe in return for being induced.  It is not a defense that Costanzo would have violated his official duties without the inducement of the thing of value, or that a violation was desirable or beneficial to the DEA or the public.

### G.  Count Two: Receipt of a Bribe as a Public Official (Fourth Element – Corrupt Intent)

The fourth and final element the government must prove is that Costanzo had a corrupt intent.  "Corrupt intent" means acting voluntarily and deliberately with an improper motive or purpose.  This requires conscious wrongdoing, sometimes expressed as a bad or evil state of mind.  Corrupt intent may be established by circumstantial evidence of a person's state of mind, including proof of a person's words and conduct and the logical inferences that can be drawn from that proof.  It is no defense that a defendant acted with both proper and improper motives.  A defendant may have a corrupt intent even if he possesses a dual intent, such as a criminal

intent to receive an unlawful bribe and a non-criminal intent to help out a friend.

**H.  Count Three: Payment of a Bribe to a Public Official**

Count Three charges payment of a bribe to a public official by Recio, in violation of Title 18, United States Code, Section 201(b)(1)(C).  Note that Count Three charges only Recio, not Costanzo.  Count Three alleges that between in or about October 2018 through at least November 2019, Recio provided benefits to Costanzo, who was a DEA agent, in exchange for Costanzo sharing non-public DEA information, in violation of Costanzo's duty as a DEA agent.

The law provides:

> "Whoever . . . directly or indirectly, corruptly gives, offers or promises anything of value to any public official . . . to induce such public official . . . to do or omit to do any act in violation of the lawful duty of such official [is guilty of a crime]."

**I.  Count Three: Payment of a Bribe as a Public Official (Elements of the Offense)**

To establish a violation of Section 201(b)(1)(C), you must find that the government has proven each of the following elements beyond a reasonable doubt:

*First*, that Recio, on or about the dates set forth in the indictment, directly or indirectly, offered, promised, or gave money or something else of value to Costanzo.

*Second*, that at the time, Costanzo was a public official.

*Third*, that Recio did so with intent to induce Costanzo to perform an act, or not to perform an act, in violation of Costanzo's lawful duty in return for the thing of value; and

*Fourth*, that Recio did so with corrupt intent.

**J.  Count Three: Payment of a Bribe to a Public Official (First Element – Offering or Giving a Thing of Value)**

Now I will discuss separately each of the elements of the bribery charge.  The first element that the government must prove beyond a reasonable doubt is that, on or about the dates charged in

the Indictment, Recio offered, promised, or gave money or something else of value to Costanzo.

You need not find that Recio did all of these things. It is sufficient if you find beyond a reasonable doubt that he did any one of them—that he offered, promised, or gave money or something else of value to a public official.

It is important to note that the bribery law makes no distinction between offering, promising, or giving a bribe. The mere offer or promise of a bribe is as much a violation of the law as the actual giving of one.

Furthermore, under the law, you need not find that Recio directly gave or offered money or something else of value to Costanzo. It is sufficient if he did so indirectly, that is, through another person.

**K. Count Three: Payment of a Bribe to a Public Official (Second Element – Public Official)**

The second element that the government must prove beyond a reasonable doubt is that at the time in question, Costanzo was a public official. I have already instructed you as to the definition of public official, and you should apply those instructions here as well.

**L. Count Three: Payment of a Bribe to a Public Official (Third Element – Intent to Induce an Act in Violation of Lawful Duty)**

The third element that the government must prove beyond a reasonable doubt is that Recio gave, promised, or offered money or something of value with intent to induce Costanzo to perform an act, or not to perform an act, in violation of Costanzo's lawful duty in return for the thing of value.

In considering whether Recio offered, promised, or was given a thing of value to Costanzo with the corrupt intent of inducing Costanzo to act in violation of his lawful duties, remember that it is Recio's intent to influence Costanzo's actions, and not the subsequent actions of Costanzo, that

29

is important.  Thus, the government does not have to prove that Costanzo accepted the bribe or did the act sought.  It does not matter if Costanzo would have performed the act anyway.  It is also not necessary for the government to show that Costanzo promised to perform, or not to perform, any specific act as part of the exchange, just that Costanzo promised to perform, or not to perform, *some* act in the future, with respect to a particular question or matter, in violation of his lawful duties.

**M. Count Three: Payment of a Bribe to a Public Official (Fourth Element: Corrupt Intent)**

The fourth element that the government must prove beyond a reasonable doubt is that Recio acted with corrupt intent.  I have previously instructed you on the concept of "corrupt intent," and you should rely on those instructions here as well.

**N.  Count One: Conspiracy to Bribe a Public Official (General Conspiracy Instructions)**

Now I will turn back to Count One, conspiracy to bribe a public official.  Count One charges Costanzo and Recio with violating Title 18, United States Code, Section 371 by participating in a conspiracy to bribe a public official, from in or about October 2018 up to and including November 2019.  Count One also charges that certain overt acts were committed in furtherance of this conspiracy.  I will discuss the elements of the crime later on.

But before I give you more specific instructions about Count One, let me explain generally about the crime of conspiracy.  A conspiracy is a criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

Conspiracy simply means agreement, and the crime of conspiracy to violate a federal law is an independent offense, separate and distinct from the actual violation of any specific federal laws. Thus, if a conspiracy exists, it is still punishable as a crime, even it if should fail to achieve

30

its purpose.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he, or any other conspirator, was actually successful in their criminal goals.  You may thus find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes that were the objects of the conspiracy were never actually committed.

Each member of a conspiracy may perform separate and individual acts.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy.  In fact, even a single act may be sufficient to draw a defendant within the scope of a conspiracy.

**O.  Count One: Conspiracy to Bribe a Public Official (Elements)**

In order to find Costanzo and Recio guilty on Count One, the government must prove beyond a reasonable doubt the following three elements:

*First*, that the conspiracy charged in Count One existed.  In other words, that from at least in or about October 2018 up to and including at least in or about November 2019, or any portion of that time period, there was an agreement or understanding among two or more persons to violate one or more of those provisions of the law which make it illegal to (1) receive a bribe as a public official, or (2) pay a bribe to a public official.

Therefore, the first question for you on Count One is:  Did the conspiracy alleged in Count One of the Indictment exist?

*Second,* that the defendant you are considering knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose—that is, with the intent to achieve the illegal object of the charged conspiracy; and

*Third*, that one of the members of the conspiracy knowingly committed at least one overt

31

act in furtherance of the conspiracy.

Now, let us separately consider the three elements.

## P.  Count One: Conspiracy to Bribe a Public Official (First Element – Existence of the Conspiracy)

The first element that the government must prove beyond a reasonable doubt is that the conspiracy existed.

What is a conspiracy?  Simply defined, a conspiracy is an agreement by two or more persons to accomplish one or more unlawful objectives by working together.

The essence of the crime of conspiracy is the unlawful agreement to violate the law.  It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Indeed, you may find a defendant guilty of conspiracy despite the fact that it was factually impossible for the defendant to commit the substantive crime or goal of the conspiracy.  This is because the success or failure of a conspiracy is not material to the question of guilt or innocence of the conspirator.  The crime of conspiracy is complete once the unlawful agreement is made and an act is taken in furtherance of that agreement.

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator.  Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a

criminal conspiracy, much is left to unexpressed understanding.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.  I remind you that a conspiracy must include two or more persons.

It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find two or more persons entered into the unlawful agreement alleged in the Indictment and that an act was committed in furtherance of that agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The saying "actions speak louder than words" is applicable here.  In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

Often, the only evidence of a conspiracy available is that of disconnected acts that, when taken together and considered as a whole, show a conspiracy or agreement to secure a particular result as satisfactorily and conclusively as more direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be the most persuasive evidence of the existence of the conspiracy itself.  But it

is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In considering whether a conspiracy existed, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and any inferences that may reasonably be drawn from that conduct and those statements.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators agreed, as I have explained, to work together in furtherance of one or more of the objects alleged in Count One of the Indictment, and that an act was taken to further that agreement.

## Q.  Count One: Conspiracy to Bribe a Public Official (First Element – Objectives of the Conspiracy)

In this case, Count One of the Indictment charges that there were two objectives of the conspiracy:

*One*, that Costanzo, being a public official, would receive a bribe in return for being induced to perform an act, or not to perform an act, in violation of his official duty.  I have already instructed you on the elements of this substantive crime in connection with my instructions for Count Two.

*Two*, that Recio and others would give a bribe to a public official with the intent to induce that public official to perform an act, or not to perform an act, in violation of his lawful duty.  I have already instructed you on the elements of this substantive crime in connection with my instructions for Count Three.

If you find that the conspirators agreed to accomplish any one or more of these three

objectives, then the illegal purpose element will be satisfied.  In other words, you need not find that the conspirators agreed to accomplish all of these three objectives.  An agreement to accomplish any one or more of the objectives is sufficient.

However, you must be unanimous as to that objective or those objectives. That is, you must all be in agreement with respect to *at least one* of the two alleged objectives of the conspiracy.  You all have to be in agreement on the specific object of the conspiracy that you find to exist before you can find the conspiracy charged in the Indictment existed.

**R. Count One: Conspiracy to Bribe a Public Official (Second Element – Membership in the Conspiracy)**

In order to satisfy the second element of Count One, the government must also prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendant agreed to take part in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

"Unlawfully" simply means contrary to law.  A defendant need not have known that he or she was breaking any particular law or any particular rule, but he or she must have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his or her conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have

taken place involving the defendants or in their presence.  You may consider this evidence in determining whether the government has proven beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his or her part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.  I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Furthermore, a defendant need not have joined in all of the conspiracy's unlawful objectives.

Nor is it necessary that a defendant received any monetary benefit from their participation in the conspiracy, or had a financial stake in the outcome.  However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether the defendants were a member of the conspiracy.

The duration and extent of each defendant's participation has no bearing on the issue of his guilt.  He need not have joined the conspiracy at the outset and need not have received any benefit in return.  A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member, if those acts were reasonably foreseeable and within the scope of that defendant's agreement.

Each member of a conspiracy may perform separate and distinct acts and may perform

them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme.  One participating in a conspiracy is no less liable because his part is minor and subordinate.  An equal role or an important role is not what the law requires.  In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

A person's mere association with a member of the conspiracy, however, does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  A person may know, work with, or enter into business or friendship with an individual who is committing a crime without being a criminal himself.  You may not find that the defendant you are considering is a member of a conspiracy merely because of a friendship or business association with alleged co-conspirators.  Furthermore, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient.  What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.

It is not essential that the government prove that a particular conspiracy alleged in the Indictment started or ended on any of the specific dates described for that conspiracy.  It is sufficient if you find that the conspiracy was formed and that it existed for some time around or

within the dates set forth in the Indictment.

In sum, the government must prove beyond a reasonable doubt that a defendant, with an understanding of the unlawful nature of the conspiracy, knowingly and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking. Only through that does a defendant become a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

## S.  Count One: Conspiracy to Bribe a Public Official (Third Element – Overt Act)

Let me now turn to the third element of the conspiracy alleged in Count One, the requirement of an overt act.

The last element the government must prove beyond a reasonable doubt is that at least one overt act was knowingly committed by at least one of the co-conspirators in furtherance of the conspiracy. An overt act is an independent act that tends to carry out the conspiracy but need not necessarily be the object of the crime. The function of the overt act requirement is to ensure that the agreement went beyond the mere talking or agreeing stage.

You need not find that either of the defendants in this case committed the overt act. It is sufficient if you find that at least one overt act was in fact performed by at least one co-conspirator, whether a defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember that the act of any member of the conspiracy done in furtherance of the conspiracy becomes the act of all of the members. Nor is it necessary for the defendant you are considering to commit an overt act in order to be a member of the conspiracy. An overt act must have been knowingly and willfully done by at least one co-conspirator in furtherance of the object or purpose of a conspiracy that is charged in the Indictment.

In this regard, you should bear in mind that the overt act, standing alone, may be an

innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless

character if it is a step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.

You are therefore instructed that the overt act does not have to be an act which in and of itself is

criminal or constitutes an objective of the conspiracy.  It must be an act that furthers the object of

the conspiracy.  It is an element of the crime that the government must prove beyond a

reasonable doubt.

The government can satisfy this element by proving any overt act, provided that the overt

act is committed by one of the co-conspirators and is done to further the object of the conspiracy.

It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the

conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt

act was committed in furtherance of the conspiracy; you just need to all agree that at least one

overt act was so committed.

## T.  Count One: Conspiracy to Bribe a Public Official (Liability for Acts and Declarations of Co-Conspirators)

I have admitted into evidence the acts and statements of certain individuals who the

government alleges were co-conspirators of the defendants.

You may consider as evidence against a defendant the acts and statements of those who

were co-conspirators of that defendant.  The reason for this rule has to do with the nature of the

crime of conspiracy.  A conspiracy is often referred to as a partnership in crime.  Thus, as in

other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end,

each member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any

member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.

In determining the factual issues before you, you may consider against the defendants any acts or statements made by any of the people who you find, under the standards I have already described, to have been their co-conspirators, even though such acts or statements were not made in their presence, or were made without their knowledge.

## U.  Count Five: Honest Services Wire Fraud

I will now turn to Counts Four and Five.  Counts Four and Five relate to the crime of honest services wire fraud.  Count Four charges the defendants with conspiracy to commit honest services wire fraud.  Count Five charges the defendants with the substantive crime of honest services wire fraud.  Because the law relating to the honest services wire fraud that is charged in Count Five is relevant to my instructions on the conspiracy that is charged in Count Four, I will first instruct you on the substantive fraud that is charged in Count Five. Then I will turn back to the law of conspiracy.

Count Five alleges that the defendants committed honest services wire fraud, between in or about October 2018 up to and including November 2019, in that Costanzo, a DEA agent, shared nonpublic DEA information with Recio in exchange for bribes paid at the direction of Recio and others.

The federal wire fraud statute, Title 18, United States Code, Section 1343, provides in pertinent part as follows:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises transmits or causes to be transmitted by means of wire, radio, or television communications in interstate or foreign commerce, any

40

writings, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

The law defines "the term 'scheme or artifice to defraud'" to "include[] a scheme or artifice to deprive another of the intangible right of honest services."

**V.  Count Five: Honest Services Wire Fraud (Elements)**

Honest services wire fraud involves a scheme to defraud the public of its right to a public official's honest services through bribery using wire communications.  To meet its burden of proof of Count Five, the government must prove four elements beyond a reasonable doubt.

*First*, that during the time alleged in the Indictment, there was a scheme or artifice to deprive the public and the DEA of their right to the honest services of Costanzo through bribery.

*Second*, that the defendant you are considering knowingly and willfully participating in the scheme or artifice, with knowledge of its fraudulent nature and with specific intent to defraud.

*Third*, the scheme or artifice to defraud involved a material misrepresentation, omission, false statement, false pretense, or concealment of fact; and

*Fourth*, that in execution of that scheme, the defendant you are considering used, or caused the use by others, of interstate wires.

**W. Count Five: Honest Services Wire Fraud (First Element – Existence of Scheme or**
   **Artifice)**

The first element that the government must prove beyond a reasonable doubt is the existence of a scheme or artifice to deprive the public and the DEA of their right to defendant Costanzo's honest services through bribery, which, as I mentioned before, can more generally be

described as *quid pro quo* payments.

What is the "right to honest services?"  A DEA employee owes a duty of honest and faithful services to the public and the U.S. government agency—the DEA—by which he is employed.  The public and the DEA have the right to expect the official's "honest services"— that he is acting in their interest, not his own.  Thus, when a DEA employee takes action at least in part because of a concealed bribe, he has deprived the public and the DEA of his honest services.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to deprive another of the right of honest services by means of false or fraudulent pretenses, representations, or promises reasonably calculated to deprive persons of average prudence.

To prove that a defendant committed honest services fraud through bribery, the government must show a *quid pro quo*, that is, a defendant received money, directly or indirectly, in exchange for an act performed or promised to be performed, in the course of his employment at the DEA.  Here, the *quid pro quo* alleged is the exchange of payments for Costanzo's act of sharing nonpublic DEA information.  The payment need not have been provided directly to Costanzo, but may have been provided to another person at his request or with his agreement.

Not all bad or undesirable conduct by a public official, however, violates the duty of honest services in the context of the criminal charges before you.  For example, it is not enough that the government prove that there was merely some undisclosed self-dealing by a public official or, more colloquially, that a public official had an undisclosed "conflict of interest" or

violated some disclosure obligation.

It is also not enough that the government prove that the defendants understood that the payments were made solely to create generalized good will. However, the government is not required to show that Costanzo performed, or promised to perform, an act solely because of the payment. It is no defense that Costanzo acted because of both proper and improper motives. A defendant may have the requisite intent to defraud even if he possesses a dual intent, such as an unlawful intent to receive bribes and a proper or neutral intent, like trying to further a DEA investigation.

Similarly, it is not a defense that, had there been no bribe, Costanzo might have performed the same act anyway, or that the acts taken were desirable or beneficial to the DEA or the public.

## X.  Count Five: Honest Services Wire Fraud (Second Element – Intent to Defraud)

The second element that the government must prove beyond a reasonable doubt is that the defendant you are considering devised or participated in the scheme to defraud knowingly, willfully, and with a specific intent to defraud. The definitions of "knowingly" and "willfully" here are the same definitions that I gave you earlier. Intent to defraud means to act with the specific intent to deceive for the purpose of depriving the public and the DEA of its right to Costanzo's honest services—in other words, of its right to Costanzo's faithful performance of his official duties, including the duty to not accept payments or things of value in exchange for performing, or promising to perform, an act.

Direct proof of knowledge and fraudulent intent is almost never available. Nor is direct proof required. As I mentioned earlier, facts may be established by circumstantial evidence, based upon a person's outward manifestations, his words, conduct, and acts, and all the

surrounding circumstances disclosed by the evidence and the logical inferences that may be drawn from them.

Because intent to defraud is an element of honest services wire fraud, it follows that a good faith belief on the part of a defendant that he was acting lawfully is a complete defense to the charge. Good faith means having a state of mind that is honest and absent of criminal intent. If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

If a defendant participated in the scheme to defraud, however, then a belief by the defendant, if such belief existed, that ultimately everything would inure to the public good does not mean that the defendant acted in good faith. If the defendant you are considering participated in the scheme with the intent of depriving the victims of their right to an official's honest services, then no amount of honest belief on the part of the defendant that the scheme would, for example, ultimately benefit the public will excuse fraudulent actions or false representations by him.

## Y.  Count Five: Honest Services Wire Fraud (Third Element – Intent to Defraud)

The third element that the government must prove beyond a reasonable doubt is that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or omission.

A representation, statement, false pretense, omission, or concealment of fact is "material" if it would naturally tend to lead or is capable of leading a reasonable person, in this case the DEA, to change its conduct. Put another way, a material fact is one which would be expected to

be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.

It does not matter whether the DEA might have discovered the fraud had it probed it further. If you find that a scheme or artifice existed, it is irrelevant whether you believe that the DEA or anyone else involved was careless, gullible, or even negligent. Furthermore, it is not necessary that the government prove that the public or the DEA actually suffered any loss. It is sufficient for the government to prove that the public and the DEA did not receive the honest and faithful ser-vices of Costanzo.

**Z.  Count Five: Honest Services Wire Fraud (Fourth Element – Use of Interstate Wires)**

The fourth element that the government must prove beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud. Wire communications include telephone calls, emails, faxes, text messages, chat messages, bank transfers of money, and uploads via the Internet.  "Interstate" means that the wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey.

The use of the wires need not itself be fraudulent.  Stated another way, the material wired need not contain any fraudulent representation, or even any request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant you are considering to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which that defendant is accused of participating.  In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant you are considering caused the wires to be used by others.  When a defendant does an act with

knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the Indictment.  However, the government does not have to prove that the wires were used on the exact date charged in the Indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the Indictment.

If you find that wire communications were used in furtherance of the scheme to defraud, you must be unanimous as to at least one of the particular interstate or foreign wire communications in furtherance of the scheme that occurred.

## AA.    Count Four: Conspiracy to Commit Honest Services Wire Fraud

We have discussed Count Five of the Indictment, which charges honest services wire fraud.  Now let us back to Count Four, which charges Costanzo and Recio with participating in a conspiracy to violate the honest services wire fraud statute, the crime I just describe, in violation of Title 18, United States Code, Section 1349.

As previously discussed, a conspiracy is an agreement, or an understanding, of two or more persons to accomplish by concerted action one or more unlawful objects.  To meet its burden of proof on this charge, the government must prove the following two elements beyond a reasonable doubt:

*First*, that a conspiracy existed; and

*Second*, that the defendant you are considering knowingly, willfully, and intentionally

46

became a member of the conspiracy.

I previously instructed you, in connection with Count One, on the law relevant to determining whether a conspiracy existed and whether a defendant became a member of such a conspiracy. Those instructions apply here as well, with the difference here being the object or goal of the conspiracy. The government alleges that the object of the conspiracy in Count Four was to commit honest services wire fraud. So in deciding whether the conspiracy existed, you must determine whether the conspirators agreed to accomplish that object.

**BB.    Counts Two, Three and Five: Aiding and Abetting Liability**

In addition to charging Costanzo, in Count Two, with accepting a bribe, charging Recio, in Count Three, with paying a bribe to a public official, and charging both Costanzo and Recio, in Count Five, with honest services wire fraud, Counts Two, Three, and Five of the Indictment also charge the defendants with what is called aiding and abetting others in the commission of these crimes.

A person may be guilty of a substantive offense, such as the ones I just listed, if he "aids and abets," which essentially means if he assists another person in committing the offense. Thus, for example, you may find that the defendant you are considering is guilty of accepting a bribe, paying a bribe, or honest services wire fraud if you find beyond a reasonable doubt that the government has proven that another person actually committed the crime, and that the defendant you are considering helped or assisted that person in the commission of the offense.

The legal principle that an aider or abetter of a crime is also liable is codified in a statute called Title 18, United States Code, Section 2. Under this federal statute, whoever "aids, abets, counsels, commands, induces, or procures" the commission of an offense "is punishable as a principal." You should give those words their ordinary meaning. A person "aids" or "abets" a

47

crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime to be committed.  To "counsel" means to give advice or recommend.  To "induce" means to lead or move by persuasion or influence as to some action or state of mind.  To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to effect something.

In other words, you may find the defendant you are considering guilty of the substantive crime if you find beyond a reasonable doubt that the government has proven both that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement for aiding and abetting liability is that the crime charged was committed.  Obviously, no one can be convicted of aiding and abetting a crime if no crime was committed.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

However, I emphasize, to aid and abet another to commit a crime, it is necessary that a person willfully and knowingly associated himself in some way with the crime, and willfully and knowingly sought to help make the crime succeed.  Participation in a crime is willful if action is taken voluntarily and knowingly.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

1.  Did he participate in the crime charged as something he wished to bring about?

2.  Did he associate himself with the criminal venture knowingly and willfully?

3.  Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If

he did not, then the defendant is not an aider and abettor and is not guilty as an aider and abettor.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture and must take some action to assist or encourage the commission of the crime.

## CC.    Good Faith

Because the government must prove that the defendants acted willfully or with corrupt intent to establish their guilt on each of the charges, the "good faith" of a defendant is a complete defense to each count. Good faith means having a state of mind that is honest and absent of criminal intent. I say it is a "defense," but I want to make it clear a defendant has no burden of establishing his good faith. The burden remains on the government to prove beyond a reasonable doubt that a defendant acted willfully or with corrupt intent and, consequently, that he lacked good faith.

A person who acts or causes another person to act based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns out to be inaccurate, incorrect, or wrong. If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime. Again, the burden of proving good faith does not rest with the defendants because the defendants do not have an obligation to prove anything in this case.

Whether a person acted in good faith, like whether he acted knowingly, intentionally,

willfully, or with corrupt intent, is a question of fact for you to determine like any other question of fact.

**DD.    DEA Policies and Standards of Conduct**

As I instructed you during the presentation of evidence, you have heard evidence regarding certain DEA policies and standards of conduct that the government alleges are relevant to this case.  I remind you, and you are instructed again, that violating DEA policies or standards of conduct is not by itself a federal crime.

I have already instructed you on the elements of the federal crimes that have been charged in the Indictment.  You may not find either defendant guilty simply because you believe that Costanzo did not comply with any of the DEA policies or standards of conduct introduced into evidence.  You may, however, consider such evidence in evaluating whether Costanzo violated an official duty or a lawful duty, as well as in evaluating Costanzo's and Recio's state of mind with respect to the charged offenses.

**EE.    Motive**

Proof of motive is not a necessary element of the crimes with which the defendants are charged.  Proof of motive does not establish guilt, nor does a lack of proof of motive establish that the defendants are not guilty.

If the guilt of the defendants is shown beyond a reasonable doubt, it is immaterial what the motive for the crimes may be, or whether any motive is shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of the defendants.

**FF. False Exculpatory Statements and Consciousness of Guilt Evidence**

You have heard testimony that the defendants made statements in which they claimed that their conduct was consistent with innocence and not with guilt.  The government claims that

these statements in which the defendants exculpated themselves are false.  While false exculpatory statements can be circumstantial evidence of a consciousness of guilt and can have probative value, such false statements alone are insufficient proof on which to convict.  In other words, if you find that a defendant gave a false statement to divert suspicion from his scheme, you may infer that the defendants believes that he was guilty.  You may not, however, infer on that basis of this alone that a defendant is, in fact, guilty of the crimes with which he is charged.

Whether the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

**GG.    Costanzo's Standard Form 86**

You heard testimony regarding the Standard Form 86 Questionnaire for National Security Positions, or SF86, that Costanzo completed in 2020.  Special Agent Costanzo has not been charged with any crime related to his SF 86 questionnaire. You may not find Special Agent Costanzo guilty on any count simply because you believe he should have disclosed more or different information on that questionnaire.  If, however, you find that Costanzo knowingly failed to disclose information that was required by the SF 86 questionnaire, you may consider that as evidence of Costanzo's state of mind. On the other hand, if you find that Costanzo properly disclosed the information required by the questionnaire, then you may consider that as evidence of Costanzo's good faith and intent to comply with the law.

**HH.    Venue**

In addition to all the elements that I have just described for you, in order to convict the defendants, you must also consider the issue of venue as to each offense.  The government must establish what is called "venue," which means that some act pertaining to the charge occurred in

the Southern District of New York.  The Southern District of New York encompasses Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

The government does not need to prove that the complete crime for any account was committed within the Southern District of New York or that the defendants themselves were ever in the Southern District of New York.

Venue must be examined separately for each count in the Indictment.  Venue on one count does not establish venue on another count, although, if applicable, you may rely on the same evidence to establish venue on multiple counts.

With respect to Counts One through Four, it is sufficient to establish venue if the government proves that any act in furtherance of the crime charge occurred in the Southern District of New York.  The act itself need not be a criminal act; it could include, for example, meeting with others involved in the criminal scheme within this District.  The act need not be taken by a defendant or a conspirator, as long as the act was caused by the conduct of the defendant or conspirator or was reasonably foreseeable.

With respect to honest services wire fraud—Count Five—it is sufficient to establish venue if the government proves that any of the wire communications you found to satisfy the fourth element of the offense were transmitted from or to the Southern District of New York, so long as the defendant reasonably anticipated that a wire communication in furtherance of the scheme would be transmitted from or to the Southern District of New York.

I should note that on this issue—and this issue alone—the government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A

"preponderance of the evidence" means that the government must prove that it is more likely than not that any act in furtherance of a given crime occurred in the Southern District of New York.

## II.  Variance in Dates

The Indictment in this case refers to various dates.  The government is not required to prove that the conduct took place on the precise dates alleged in the Indictment.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established through evidence at trial.  It is not essential that the government prove that the conspiracy started and ended within the specified time period.  The government is also not required to prove that the defendants participated in the charged conspiracy for the entire time period alleged in the Indictment.  It is sufficient if you find that a conspiracy was formed and that it existed for some time within the period set forth in the Indictment.

FINAL INSTRUCTIONS

### A.        Duty to Deliberate and Reach a Unanimous Verdict

You are about to go into the jury room to begin your deliberations.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of each of the defendants with respect to the charges in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

Your verdict must be unanimous.  This means that each and every one of you must agree upon your verdict.  Each juror is entitled to his or her opinion, but you are required to exchange views with your fellow jurors.  This is the very essence of jury deliberation.  It is your duty to

consult with one another and to deliberate with a view to reaching an agreement.  If you start with one point of view, but after reasoning with other jurors it appears that your own judgment is open to question, then of course you should not hesitate in yielding your original point of view if you are convinced that the opposite point of view is one that truly satisfies your judgment and conscience.  But you are not to surrender a view of the case that you conscientiously believe, merely because you are outnumbered or because other jurors appear firmly committed to their views.  You should vote with the others only if you are convinced on the evidence, the facts, and the law that it is the correct way to decide the case.

In sum, you, the jury, must deliberate as a body, but each of you, as an individual juror, must discuss and weigh your opinions dispassionately, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

I instruct you that you are not to discuss the case unless all jurors are present.  Four or five or ten jurors together are only a gathering of individuals.  Only when all jurors are present do you constitute a jury and only then may you deliberate.

Remember at all times, you are not partisans.  You are judges — judges of the facts. Your sole interest is impartially to assess the evidence to determine whether the government has met its burden of proving guilt beyond a reasonable doubt as to each of the charges.

If you are divided, do <u>not</u> report how the vote stands.  Simply state that you are divided. If you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.  Simply inform me that you have reached a verdict.

**B.      Right to See Exhibits and Hear Testimony; Communications with Court**

The exhibits that were received into evidence will be provided to you in the jury room.

You will be provided with a laptop that contains the exhibits.

If you want any of the testimony to review, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony — in fact any communications with the Court — should be made to me in writing, signed by your foreperson, and given to the Marshal or the deputy clerk. In any event, do not tell me or anyone else how the jury stands on any issue until there is a unanimous verdict.

### C.    Notes

If you took notes during the trial, those notes are only an aid to recollection — they are not evidence, nor are they a substitute for your recollection of the evidence in the case.  Your notes are not entitled to any greater weight than your actual recollection or the impression of each juror as to what the evidence actually is.  I emphasize that if you took notes, you should not show your notes to any other juror during your deliberations, they are only for yourself.

If you did not take notes during the trial, you should not be influenced by the notes of another juror, but instead you should rely upon your own recollection of the evidence.  The fact that a particular juror has taken notes does not entitle that juror's views to any greater weight.

### D.    Verdict Form

I have prepared a verdict form for you to use in recording your decision.  Please use that form to report your verdict.  The verdict form does not represent either evidence or instructions on

the law.

### E.      Duties of Foreperson

At the beginning of deliberations, you must choose a foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### F.      Return of Verdict

After you have reached a unanimous verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict that is announced in Court.  Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

### G.      Jury Oath

You are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.

I am sure that if you follow your oath, listen to the views of your fellow jurors, and apply your own common sense, you will reach a fair verdict here.  Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

### H.      Alternates

Before you retire into the jury room I must inform you that the law provides for a jury of

twelve people in this case.  Therefore, three people—jurors 13, 14, and 15—are alternates.

Jurors 13,14, and 15 will be allowed to leave the courthouse during deliberations, but you are not

yet excused as a juror in this case.  In the event that one of the non-alternate jurors can no longer

deliberate, you will be recalled to continue your service, so I am releasing you for now but I am

not excusing you from jury service yet.  For now, though, you may leave.  You have been very

attentive and very patient.  I am sorry that you may miss the experience of deliberating with the

jury, but the law provides for a jury of twelve people in this case.  Before the rest of the jury

retires to the jury room, if you have any clothing or objects there you are asked to pick them up

and to withdraw before any deliberations start.

Please do not discuss the case with anyone over the next few days.  If you would like to

be advised of the outcome of the trial, please make sure that Mr. Hampton has a phone number at

which you can be reached.

(Alternates released)

Members of the jury, you may now retire to deliberate on your verdict.

(Marshal sworn.)